ACCEPTED
13-14-00667-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/17/2015 6:54:47 PM
DORIAN RAMIREZ
CLERK

Case No. 13-14-00667-CV

In the
Court of Appeals for the Thirteenth District
of Texas at Corpus Christi – Edinburg

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/17/2015 6:54:47 PM
DORIAN E. RAMIREZ
Clerk

IN THE ESTATE OF
MILDRED OZELLA FAVOR PURSLEY,
A.K.A. MILDRED F. PURSLEY, DECEASED

On Appeal from the Probate Court,
Hidalgo County, Texas
Cause No. P-34,801-A

BRIEF OF APPELLEES HAROLD WAYNE PURSLEY, JR.,
AND ROLLAND HUGH PURSLEY

Edmundo O. Ramirez
Texas Bar No. 16501420
eor@ekrattorneys.com
Minerva I. Zamora
Texas Bar No. 24037765
miz@ekrattorneys.com
Daniel Koeneke
Texas Bar No. 24083320
daniel@ekrattorneys.com

ELLIS, KOENEKE & RAMIREZ, L.L.P.
1101 Chicago Avenue
McAllen, Texas 78501
Telephone: (956) 682-2400
Facsimile:  (956) 682-0820
Attorneys for Appellees, Harold
Wayne Pursley, Jr., and Rolland
Hugh Pursley

April 17, 2015                                    **Oral Argument Requested**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................ 2

INDEX OF AUTHORITIES ............................................................................... 5

STATEMENT OF THE CASE .............................................................................. 9

    1. *Nature of the Case* ............................................................................... 9
    2. *Disposition in Trial Court* .................................................................. 9

STATEMENT ON ORAL ARGUMENT ............................................................ 11

ISSUES PRESENTED ........................................................................................ 12

STATEMENT OF FACTS .................................................................................. 14

    1. *The 1975 Will* ..................................................................................... 14
    2. *Brief History* ...................................................................................... 15
    3. *Competing Summary Judgment Motions* ........................................... 17
    4. *Trial Court's Decision* ....................................................................... 18
    5. *Rocky's Argument of Ambiguity* ........................................................ 19

SUMMARY OF THE ARGUMENT .................................................................. 21

ARGUMENT ...................................................................................................... 25

    I.     ROCKY WAIVED ANY APPEAL OF THE ISSUE OF
           AMBIGUITY ............................................................................... 25

          A.     Rocky Failed to Specifically Plead Ambiguity ....................... 25

          B.     Rocky Conceded that there Are No Fact Issues to Be Decided
                by the Jury ............................................................................... 28

          C.     Rocky Failed to Present Evidence and Request a Ruling from
                the Trial Court on the Issue of Ambiguity ............................. 29

D.      Rocky Failed to Incorporate a Complaint as to Ambiguity in his Motion for New Trial .......................................................... 30

II.     THE TRIAL COURT DID NOT ERR IN HOLDING THAT THE 1975 WILL WAS A CONTRACTUAL WILL DUE TO THE FACT THAT THE 1975 WILL WAS JOINTLY EXECUTED AND SETS FORTH A COMPREHENSIVE PLAN TO DISPOSE OF ALL THE PROPERTY OWNED BY HAROLD W. PURSLEY AND MILDRED F. PURSLEY ................................................................ 31

        A.      Introduction ........................................................................ 31

        B.      Harold W. Pursley and Mildred F. Pursley Jointly Executed the 1975 Will ................................................................................. 32

        C.      The 1975 Will Contained a Comprehensive Plan to Dispose of all the Property Owned by the Parties ..................................... 33

                C.1.    The 1975 Will Provided for a Gift to the Survivor which Was Not Absolute or Unconditional ............................ 33

                        C.1.a. Rebuttal of Rocky's Argument Regarding Absolute and Unconditional Gifts ...................... 38

                C.2.    The Balance Remaining at the Survivor's Death Is Jointly Disposed of in the Secondary Dispositive Provisions of the 1975 Will ......................................... 39

                        C.2.a. Rebuttal of Rocky's Argument Regarding the Remaining Balance Being Jointly Disposed of in the Secondary Dispositive Provisions of the 1975 Will ................................................................. 43

III.    THE TRIAL COURT DID NOT ERR IN HOLDING THAT THE 2007 WILL AND 2010 CODICIL BREACHED THE TERMS OF THE 1975 WILL ......................................................................... 46

        A.      The 1975 Will Provided a Class Gift to Rocky, Harold Jr., and Rolland in Equal Shares ....................................................... 46

3

B. The 1975 Will Became Effective Upon the Probate of the Will and Members of the Class Were Vested at the Time of Harold W. Pursley's Death .................................................. 46

C. The Class Membership Under the 1975 Will Was Ascertained at the Time Fixed for Distribution .......................................... 48

D. Rebuttal of Rocky's Argument that the Plain Language of the 1975 Will Demonstrates there Was No Breach ...................... 49

E. Rebuttal of Rocky's Argument that the Rules of Construction Demonstrate There Was No Breach ........................................ 52

F. Rebuttal of Rocky's Argument that the 1975 Will Does Not Create a Class Gift .................................................................. 55

IV. MILDRED F. PURSLEY CAUSED THE 1975 WILL TO BE PROBATED AND ACCEPTED THE BENEFITS UNDER IT, THUS IT WOULD BE MANIFESTLY UNJUST TO ALLOW HER TO DISAVOW IT AND ITS OBLIGATIONS ............................... 59

V. IN THE ALTERNATIVE, IF THIS COURT FINDS THAT ROCKY SUFFICIENTLY PLEAD AMBIGUITYAND THAT THIS CLAIM WAS NOT WAIVED, AS A MATTER OF LAW THE TERMS OF THE1975 WILL ARE NOT AMBIGUOUS .................................... 60

VI. CONCLUSION ................................................................. 62

PRAYER ........................................................................ 64

CERTIFICATE OF RULE 9.4(i) COMPLIANCE ............................... 65

CERTIFICATE OF SERVICE ........................................................ 66

APPENDICES ........................................................................ 67

# INDEX OF AUTHORITIES

## <u>Cases</u>

*Alviar v. Gonzalez,*
725 S.W.2d 297 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) ................ 36-38

*Barnhill v. Moore*,
630 S.W.2d 817 (Tex.App.—Corpus Christi 1982, no writ)..................................26

*Bernard v. L. S. S. Corp.*,
532 S.W.2d 409 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.)...........................27

*Boone v. Stone,*
142 S.W.2d 936 (Tex.Civ.App.—Fort Worth 1940, writ dismissed, judgment correct) ...................................................................................................... 40-42

*Caples v. Ward,*
179 S.W. 856 (Tex. 1915)....................................................................................36

*Dougherty v. Humphrey,*
424 S.W.2d 617 (Tex. 1968)................................................................. 21, 34, 38-39

*Edds v. Mitchell,*
184 S.W.2d 823 (Tex. 1945)................................................................. 36, 38-39

*Ellis v. Bruce*,
286 S.W.2d 645 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.) .........................36

*Guilliams v. Koonsman,*
279 S.W.2d 579 (Tex. 1955)................................................................. 41-42

*Hagood v. Hagood,*
186 S.W. 220 (Tex.Civ.App. –Fort Worth 1916, writ ref'd)..................................40

*Hamm v. Millennium Income Fund, L.L.C.,*
178 S.W.3d 256 (Tex.App.—Houston [1st Dist.] 2005, pet. denied) .....................31

*Houston v. Schuhmann,*
92 S.W.2d 1086, (Tex.Civ.App.—Amarillo 1936, writ ref'd) .............. 22, 43, 47-48

*In re Estate of Ayala,*
702 S.W.2d 708 (Tex.App.—San Antonio 1985, no writ) ......................................54

*In re Estate of Johnson,*
781 S.W.2d 390 (Tex.App.—Houston [1st Dist.] 1989, writ denied) ........21, 35, 38

*Lewis v. E. Texas Fin. Co.,*
146 S.W.2d 977 (Tex. 1941) ...........................................................................23, 61

*Lorenz v. Janssen,*
116 S.W.3d 421 (Tex.Civ.App.—Corpus Christi 2003, no pet.) .....................46, 47

*Manes v. Dallas Baptist Coll.,*
638 S.W.2d 143 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) ..................................62

*Methodist Hospitals of Dallas v. Amerigroup Texas, Inc.,*
231 S.W.3d 483 (Tex.App.—Dallas 2007, pet. denied) .........................................53

*Mitchell v. Mitchell,*
244 S.W.2d 803 (Tex. 1951) ................................................................................52

*Morris v. Williams,*
92 S.W.2d 541 (Tex.Civ.App.—Dallas 1936, writ ref'd) ......................................39

*Newman v. Tropical Visions, Inc.,*
891 S.W.2d 713 (Tex.App.—Houston [14th Dist.] 1994, writ denied) ..................99

*Novak v. Stevens,*
596 S.W.2d 848 (Tex. 1980) .......................................................................... 26-27

*Odeneal v. Van Horn,*
678 S.W.2d 941 (Tex. 1984) ...................................................................... 31, 37-38

*O'Grady v. Gerald D. Hines, Inc.,*
683 S.W.2d 763 (Tex.App.—Houston [14th Dist.] 1984, no writ) ........................61

*Ohrt v. Union Gas Corp.,*
398 S.W.3d 315 (Tex.App.—Corpus Christi—Edinburg 2012, pet. denied) .........28

*Perry Homes v. Cull,*

258 S.W.3d 580 (Tex. 2008)..................................................................28

*Reynolds v. Estate of Benefield,*
995 S.W.2d 885 (Tex.App.—El Paso 1999, pet. denied)...................... 22, 32-33, 38

*San Antonio Machine & Supply Co. v. Allen*,
268 S.W. 532 (Tex.Civ.App.—San Antonio 1925, no writ) ............................26, 60

*Sanderson v. First National Bank in Dallas,*
446 S.W.2d 720 (Tex.App. — Dallas 1969, writ ref'd n.r.e.)..........................45, 57

*Sinnott v. Gidney,*
322 S.W.2d 507 (Tex. 1959).................................................45-46, 56-57

*Skyline Furniture, Inc. v. Gifford*,
433 S.W.2d 950 (Tex.Civ.App.—El Paso 1968, no writ) ................................30, 60

*Sullivan v. Skinner*,
66 S.W. 680, (Tex.Civ.App. 1902, writ refused)....................................................42

*Gonzales v. Norris of Houston, Inc.*,
575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) .....26

*Vickers v. Vickers*,
553 S.W.2d 768 (Tex.Civ.App.—Beaumont 1977, no writ)..................................26

*Vickrey v. Gilmore,*
554 S.W.2d 36 (Tex.Civ.App.—Waco 1977, no writ) ..................................... 59-60

*Weidner v. Crowther,*
301 S.W.2d 621 (Tex. 1957)...................................................... 23, 58-59

*Weir v. Smith,*
62 Tex. 1 (Tex. 1884).....................................................................................36

*Wiemers v. Wiemers,*
683 S.W.2d 355 (Tex. 1984)........................................... 22, 23, 32, 58-59

*Wilkes v. Wilkes*,
488 S.W.2d 398 (Tex. 1972)....................................................... 39-40

## Statutes and Rules

Tex. Estates Code § 254.004.................................................................32

Tex. Estates Code § 201.002...........................................................22, 42

Tex. R. App. P. 33.1................................................................... 29-30

Tex. R. Civ. P. 94...................................................................25, 28

Tex. R. Civ. P. 166a................................................................ 26-27

## Other Authorities

Corpus Juris, vol. 69, p. 80, Wills, s 1136...............................................52

9 Tex. Prac., Texas Law Of Wills § 30.4 (3d ed.) ......................................39

Restatement (Third) of Property (Wills & Don. Trans.)
§ 14.2 TD No. 4 (2004)...................................................................45

Restatement (Third) of Property (Wills & Don. Trans.) (2011)..............................57

Lewis M. Simes & Allan F. Smith, Law of Future Interests
§ 740 (2d ed. 1967 &Current Supp........................................................45

## STATEMENT OF THE CASE

*1. Nature of the Case.*

This case concerns the Estate of Mildred F. Pursley. At issue is whether the Last Will and Testament of Harold W. Pursley and Mildred F. Pursley, executed on April 29, 1975, is a contractual will, providing for a class gift to Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley in equal shares, which is binding on the Estate of Mildred F. Pursley. (*See* 1CR57 (exhibit A) / App. A).

*2. Disposition in Trial Court.*

After Mildred F. Pursley's death, Rocky Pursley filed an Application to Probate the will which Mildred F. Pursley executed on April 13, 2007 (hereinafter the "2007 Will"), and the First Codicil to the 2007 Will which was executed on January 13, 2010 (hereinafter the "2010 Codicil"). (1CR5-21). Rocky's Application to Probate was filed in the Probate Court of Hidalgo County, Texas, Judge Homero Garza presiding. *Id.* In response to Rocky's Application, Harold Jr. and Rolland filed their Application for Temporary Administration Pending Will Contest, and their Opposition To Probate of Will and for Issuance of Letters Testamentary, Petition for Imposition of a Constructive Trust and Petition for Probate of Will and for Issuance of Letters Testamentary. (1CR22, 31).

On December 30, 2013, Harold Jr. and Rolland filed a Motion for Summary Judgment wherein they requested that the trial court impose a constructive trust on

the estate in order to enforce the terms of the 1975 contractual Will disposing of the estate to the children of the marriage in equal shares. (1CR27). Subsequently, Rocky filed a No Evidence Motion for Summary Judgment on the same issues. (1CR87).

The trial court granted Harold Jr. and Rolland's Summary Judgment and imposed a constructive trust on the estate in favor of the dispositive terms of the 1975 Will providing for a class gift to Rocky, Harold Jr., and Rolland in equal shares. (2CR208, 270). Subsequently, the trial court severed the Summary Judgment and executed a Final Judgment in the severed cause. (1CR267, 270).

## STATEMENT ON ORAL ARGUMENT

Appellees believe that oral argument would assist the Court in deciding the issues involved, and therefore respectfully request an oral argument pursuant to Rule 39 of the Texas Rules of Appellate Procedure.

## ISSUES PRESENTED

I.    Rocky waived any appeal of the issue of ambiguity.

     A.    In the alternative, as a matter of law the terms of the 1975 Will are not ambiguous.

II.    The Trial Court did not err in granting summary judgment that the 1975 Will was a contractual will.

     A.    The trial court did not err in granting summary judgment finding that the language contained in paragraph IV., "any child or children of this marriage," provided for the remainder of the estate to be conveyed as a class gift to Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley.

     B.    The trial court did not err in granting summary judgment finding that Harold W. Pursley's intent was that at his passing (if he died first), and at the subsequent passing of his wife, any estate left over was to go to and vest in his beloved children Harold Wayne Pursley, Jr., Rolland Hugh Pursley, and Rocky Joe Pursley, share and share alike.

     C.    The trial court did not err in granting summary judgment finding that the proferred Will executed by Mildred F. Pursley dated April 13, 2007 and Codicil dated January 13, 2010 breached the 1975 contractual will.

III.    The trial court did not err in imposing a constructive trust in favor of the devisees of the 1975 Will to the extent necessary to enforce the terms of the 1975 contractual Will disposing of the remainder of the estate to Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley in equal shares.

Case No. 13-14-00667-CV

In the
Court of Appeals for the Thirteenth District
of Texas at Corpus Christi – Edinburg

In The Estate of
Mildred Ozella Favor Pursley,
a.k.a. Mildred F. Pursley, Deceased

On Appeal from the Probate Court,
Hidalgo County, Texas
Cause No. P-34,801-A

Brief of Appellees

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COME NOW Appellees Harold Wayne Pursley, Jr. and Rolland Hugh Pursley and file this their Appellees' Brief, requesting that the Court affirm the trial court's Final Judgment. Parties will be referred to as in the trial court or by name. References to the Clerk's Record will be to {volume}CR{page}, and references to the Appendices will be to App{tab}. References to the Statement of Facts will be to SOF § {section}.

## STATEMENT OF FACTS

*1. The 1975 Will.*

On or about April 29, 1975, Harold W. Pursley and Mildred F. Pursley, as husband and wife, jointly executed the "Last Will and Testament of Harold W. Pursley and Mildred F. Pursley" (hereinafter the "1975 Will"). (1CR57 (exhibit A)[1] / App. A). The 1975 Will was jointly executed by Harold W. Pursley and Mildred F. Pursley, husband and wife, and set forth a comprehensive plan to dispose of all their property. (1CR57 (exhibit A) / App. A).

Harold W. Pursley and Mildred F. Pursley executed the same will, "being of sound mind, memory and understanding in view of the certainty of death and the uncertainty of life, and being desirous of making the best disposition of **our** worldly affairs, do hereby make and publish this **our** Last Will and Testament," at the same time and place, and before the same witnesses. (1CR57 (exhibit A) / App. A). (Emphasis added).

As stated above, the 1975 Will set forth a comprehensive plan to dispose of all of Harold W. Pursley and Mildred F. Pursley's property. (*See id.*). Specifically, the 1975 Will provides that all of Harold W. Pursley and Mildred F. Pursley's property shall go to the survivor for the survivor's lifetime. (*See id.*). Upon the

---

[1] Exhibits are from Harold Pursley Jr. and Rolland Pursley's Traditional Motion for Summary Judgment.1CR44.

death of the survivor, the property is to be distributed to the children of Harold W. Pursley and Mildred F. Pursley as a class gift in equal shares. (*See id.*).

In part, the 1975 Will provides as follows:

| Harold W. Pursley and Mildred F. Pursley's 1975 Will | **We, Harold W. Pursley and Mildred F. Pursley, husband and wife**, of the County of Hidalgo, State of Texas, being of sound mind, memory and **understanding in view of the certainty of death and the uncertainty of life**, and **being desirous of making the best disposition of our worldly affairs**, do **hereby make and publish this our Last Will and Testament.** <br><br> **It is our will and desire** that the **survivor of us**, Harold W. Pursley or Mildred F. Pursley, **as the case may be, shall**, with the rights and authority below given, **have all the estate of every description**, real, personal or mixed, which either of us may own, to be used, occupied, enjoyed, conveyed and expended by and **during the life of such survivor** shall desire and that **upon the death of such survivor, any of such estate then <u>remaining shall go to and vest</u> in any child or children of this marriage.** |
|---|---|

*2. Brief History.*

On May 10, 1980, Harold W. Pursley died, leaving all his estate to pass through the 1975 Will. (1CR61 (exhibit B) / App. B). At the time of his death, Harold W. Pursley had three children, Rocky Joe Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley, all three being the children of Mildred F. Pursley.

On May 20, 1980, Mildred F. Pursley filed an Application to Probate the 1975 Will and have Letters Testamentary issued in her name. (1CR61 (exhibit B) / App. B). The Court then entered an Order Admitting Will to Probate and Authorizing Letters Testamentary. (1CR63 (exhibit C) / App. C.) Pursuant to the

court's order, Mildred F. Pursley was appointed as Independent Executrix of her husband's estate. (1CR63 (exhibit C) / App. C). She then filed her written Oath as Independent Executrix and was issued Letters Testamentary. (1CR65 (exhibit D) / App. D, 66 (exhibit E) / App. E).

As seen by Mildred's Application for Probate of Will and Issuance of Letters Testamentary referenced above, Harold "left a valid written Will ('Will') dated April 29, 1975 which was never revoked." (1CR61 (exhibit B) / App. B). Thus, it is clear that neither Harold W. Pursley nor Mildred F. Pursley revoked the 1975 Will before Harold W. Pursley's death. (1CR61 (exhibit B) / App. B)

On February 10, 1981, as the Independent Executrix of her husband's estate, Mildred F. Pursley filed the Inventory, Appraisement, and List of Claims.[2] (1CR67, 76 (exhibit F) / App. F). As seen by this Inventory, Appraisement, and List of Claims, Mildred F. Pursley received a substantial benefit from probating the 1975 Will. (1CR67, 76 (exhibit F) / App. F). Under the express terms of the joint and contractual 1975 Will, Mildred F. Pursley was to enjoy the benefit of this property for her lifetime. (1CR57 (exhibit A) / App. A).

After Harold W. Pursley died and his ability to amend the 1975 Will was terminated, Mildred F. Pursley executed a Last Will and Testament, the 2007 Will, on April 13, 2007, approximately 27 years after the 1975 Will was probated.

---

[2] At the time the Inventory, Appraisement and List of Claims was filed, Harold W. Pursley and Mildred F. Pursley owned certain assets, the majority of which was real property, worth approximately $531,775.50. Today, that real property is worth approximately three million dollars.

(1CR57 (exhibit A) / App. A., 61 (exhibit B) / App. B., 77 (exhibit G) / App. G).

Subsequently, Mildred F. Pursley executed a First Codicil, the 2010 Codicil, to the 2007 Will on January 13, 2010. (1CR83 (exhibit H) / App. H). The 2007 Will and 2010 Codicil provide for a distribution of the majority of the estate to Rocky, with a minor percentage to Rolland. (77 (exhibit G) / App. G, 83 (exhibit H) / App. H). The 2007 Will and 2010 Codicil failed to provide a disposition of any part of the estate to Harold Jr. (*See id.*).

After Mildred F. Pursley's death, Rocky filed an Application to Probate the 2007 Will and 2010 Codicil in the Probate Court of Hidalgo County, Texas, Judge Homero Garza presiding. (1CR5-21). In response to Rocky's Application, Harold Jr. and Rolland filed their Application For Temporary Administration Pending Will Contest and Opposition to the probating of the 2007 Will and 2010 Codicil. (1CR22, 31).

*3. Competing Summary Judgment Motions.*

Motions for Summary Judgment were filed by both Rocky and Appellee. In Harold Jr. and Rolland's Motion For Summary Judgment, Response to Summary Judgment Motion, Reply to Summary Judgment Motion and brief thereto, Harold Jr. and Rolland contend that: (1) the 1975 Will was a contractual will which was not revoked and became binding on the death of Harold W. Pursley; (2) the 1975 will provided for a class gift to Rocky, Harold Jr., and Rolland in equal shares; (3)

the rights of Rocky, Harold Jr., and Rolland, as members of the class, under the 1975 Will were vested at Harold Pursley's death; (4) the 2007 Will and 2010 Codicil breached the terms of the 1975 Will; (5) Mildred F. Pursley caused the 1975 Will to be probated and accepted substantial benefits under it, thus it would be manifestly unjust to permit Mildred F. Pursley to disavow the 1975 Will and its obligations after Harold W. Pursley had fully performed by abiding by its terms; and (6) a constructive trust must be imposed on the estate in favor of Rocky, Harold, Jr., and Rolland as equal beneficiaries of the estate. (1CR44, 113, 161, 165, 182, 197). In response to Harold Jr. and Rolland's Motion for Summary Judgment, Rocky "responded and filed a no-evidence summary judgment motion claiming his brothers had no evidence (1) that the 1975 Will is contractual, (2) that the alleged contract was breached, and (3) of undue influence." Appellant Brief at 17; (1CR87).

### 4. Trial Court's Decision.

The trial court denied Rocky's No Evidence Motion for Summary Judgment and granted Harold Jr. and Rolland's Motion for Summary Judgment. (2CR209 / App. J). After severing its summary judgment ruling into a separate action, on November 20, 2014, the trial court executed a "Final Judgment" in which the trial court held that:

> IT IS ORDERED, ADJUDGED and DECREED that the will executed by Harold W. Pursley and Mildred F. Pursley on April 29, 1975 is a contractual will.

The language in paragraph IV. "any child or children of this marriage" provided for the remainder of the estate to be conveyed as a class gift and therefore, mandates the distribution to all persons identified in that class, those being all the children.

IT IS ORDERED, ADJUDGED and DECREED that the court concludes (reading the 1975 will as a whole instrument) that it was the intent of Harold W. Pursley when he executed the 1975 will with his wife, that at his passing (if he died first) and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike.

IT IS ORDERED, ADJUDGED and DECREED that the proferred will executed by Mildred F. Pursley dated April 13, 2007 is a breach of the 1975 contractual will. Further, the proferred First Codicil executed by Mildred F. Pursley dated January 13, 2010 is a breach of the 1975 contractual will.

IT IS ORDERED, ADJUDGED and DECREED that a constructive trust be imposed on the Estate in favor of the devisees of the 1975 Will to the extent necessary to enforce the terms of the 1975 contractual Will.

(2CR267-69; 2CR270-71 / App. K).

### 5. Rocky's Argument of Ambiguity.

In addition to Rocky's allegations that (1) the 1975 Will is not contractual, and (2) even if the 1975 Will was contractual, the 2007 Will and 2010 Codicil did not breach the terms of the 1975 Will, Rocky is also now alleging that the 1975 Will is ambiguous. *See* Appellant Brief at 38. Specifically, despite the fact that Rocky made no mention of any alleged ambiguity in his Motion for Summary Judgment, nor did he address the issue of ambiguity in his subsequent Response, Brief or Reply, Rocky now seeks to reverse the trial court's Final Judgment based on the argument that the 1975 Will is ambiguous. (*See id.*); (1CR87, 100, 192, 205).

Rocky's only previous pleading mentioning the ambiguity issue is Rocky's Supplemental Application for Probate Will. (1CR95-96). The relevant section of Rocky's Supplemental Application for Probate Will provides as follows:

> In the alternative, and only in the event that the 1975 will is determined not to be an unambiguously noncontractual will and that the 2007 will and the 2010 codicil are determined to breach such will, then such 1975 will is ambiguous and parol testimony should be admitted to demonstrate that it was not intended to be contractual.

(1CR95-96).

Significantly, as illustrated above, nowhere in this pleading does Rocky set forth what specifically he claims is ambiguous in the 1975 Will. (*See id.*). Thus, the record fails to contain any pleadings by which Rocky's request could be sustained as he failed to set out the specific words and phrases claimed to be ambiguous. (*See id.*).

Further, as seen by the transcript of the August 20, 2014 Pre-Trial Hearing, Rocky's attorney made no objection to the statement by opposing counsel that both parties agree that the only issue is a matter of law, thus a jury trial is not necessary. (*See* 2CR250 (exhibit1) / App. I).

Subsequent to the summary judgment ruling, but prior to the execution of the Final Judgment, Rocky filed a Motion For New Trial and/or Modification of Judgment which was overruled. (2CR237). As seen by the Motion For New Trial and/or Modification of Judgment, Rocky failed to address the issue of ambiguity. (*See id.*).

## SUMMARY OF THE ARGUMENT

In accordance with the Texas Supreme Court opinions referenced herein, it is apparent that the trial court did not err in granting summary judgment and finding that (1) the 1975 Will was a contractual will as a matter of law, and (2) the language in paragraph IV. "any child or children of this marriage" provided for the remainder of the estate to be conveyed as a class gift to Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley. *See* Argument § 2. Specifically, the language of the 1975 Will mirrors the wills addressed in *Dougherty v. Humphrey*, *Novak v. Stevens* and *In re Estate of Johnson* wherein both the Texas Supreme Court and Appellate Court held that the language contained in the wills was sufficient to prove that the wills were contractual. *See Dougherty v. Humphrey*, 424 S.W.2d 617, 619 (Tex. 1968); *Novak v. Stevens*, 596 S.W.2d 848, 851-52 (Tex. 1980); *See In re Estate of Johnson*, 781 S.W.2d 390, 392 (Tex.App. –Houston 1989, writ denied).

Further, the trial court did not err in granting summary judgment finding that Mildred F. Pursley's 2007 Will and 2010 Codicil breached the terms of the 1975 Will. In the present case, the 1975 Will (which was agreed upon and executed by both Harold W. Pursley and Mildred F. Pursley) was a contractual will due to the fact that: 1) the 1975 Will was jointly executed by both Harold W. Pursley and Mildred F. Pursley; and 2) the 1975 Will contained a comprehensive plan for

disposition of all their "worldly affairs" to Rocky Pursley, Harold Wayne Pursley, Jr., and Rolland Hugh Pursley as a class gift.[1] (1CR57 (exhibit A) / App. A).

Rocky's argument is that the term "**or**" gave Mildred the right to unilaterally disregard her husband's wishes and "the option of whether to give the property to one **or** all children." *See* Appellant's Brief at 32. However, Rocky's analysis ignores the principles relating to class gifts and the well-recognized legal meaning of the language "**any child or children**." *See* Argument § 2. b. 2.; s*ee* Texas Estates Code § 201.002 (b)(2) & (b)(3) (utilizing the phrase "child **or** children") (emphasis added).

Further, in accordance with *Houston v. Schuhmann*, the gift vested in the three children at the time of Harold's death, subject to any after-born children. *See Houston v. Schuhmann*, 92 S.W.2d 1086, 1089 (Tex.Civ.App.—Amarillo 1936, writ ref'd) (internal citations omitted). The gift therefore had vested in Harold, Jr., Rolland, and Rocky on May 10, 1980, the date of their father's death. As such, the three children could not later be divested of their vested interest. Any subsequent will or codicil revoking Harold Jr.'s and/or Rolland's vested interest in the property would in fact be in violation of the distribution of property under the 1975 Will.

_____

[1] The two prong test used to determine whether a comprehensive plan exists, as relied on in *Reynolds v. Estate of Benefield*, is as follows: (1) the gift to the survivor is not absolute and unconditional, <u>even though it may initially appear to be so</u>; and (2) the balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will. *Reynolds v. Estate of Benefield,* 995 S.W.2d 885, 887 (Tex. App.—El Paso 1999, pet. denied) (citing *Wiemers v. Wiemers,* 683 S.W.2d 355, 356 (Tex. 1984).

As stated in the Statement of Facts: 1) Harold W. Pursley fully performed by abiding by the 1975 Will until his ability to amend it was terminated by death; 2) Mildred F. Pursley caused the 1975 Will to be probated in the Estate of Harold W. Pursley; 3) Mildred F. Pursley acted as the Independent Executrix of the Estate of Harold W. Pursley, in accordance with the 1975 Will; and 4) Mildred F. Pursley accepted substantial benefits by probating the 1975 Will. *See* SOF § 1. Thus, under the reasoning of the Texas Supreme Court in *Wiemers v. Wiemers*, it would be **manifestly unjust** to permit Mildred F. Pursley, the surviving spouse, to disavow the 1975 Will. *See Wiemers v. Wiemers*, 683 S.W.2d 355, 356 (Tex. 1984) (quoting *Weidner v. Crowther*, 301 S.W.2d 621, 624 (Tex. 1957)).

Lastly, Rocky waived any right to appeal the issue of ambiguity. *See* Argument § 1. In the alternative, if this Court finds that Rocky sufficiently plead ambiguity and that his claim was not waived, the terms of the 1975 Will are not ambiguous. Specifically, the 1975 Will is so worded that it can be given a "certain" or "definite legal meaning or interpretation." *Lewis v. E. Texas Fin. Co.*, 146 S.W.2d 977, 980 (Tex. 1941).

In conclusion, the 1975 Will made a class gift to all the children of the marriage. The use of the words "any" and "or" certainly did not eliminate the class gift, nor did it make a disposition to only one or two children proper. The members of the class living at the time (the three sons) received a vested interest at the death

of Harold W. Pursley.  Subsequently, at the death of Mildred F. Pursley, the class was ascertained. Therefore, Mildred F. Pursley's changing of the dispositive provision to anyone other than all three children is a violation of the terms of the 1975 Will. Due to the fact that Mildred F. Pursley had no authority or power to revoke the 1975 Will, the 1975 Will is binding upon the Estate of Mildred F. Pursley, rendering all other subsequently executed, inconsistent wills unenforceable.

As such, the trial court did not err in imposing a constructive trust in favor of the devisees of the 1975 Will to the extent necessary to enforce the terms of the 1975 contractual Will, thus this Court should affirm the trial court's ruling.

## ARGUMENT

## I. ROCKY WAIVED ANY APPEAL OF THE ISSUE OF AMBIGUITY.

Rocky waived any right to appeal the issue of ambiguity by: (1) failing to sufficiently plead ambiguity; (2) conceding that ambiguity was not an issue by agreeing that there were no fact issues to be decided by the jury; (3) failing to present evidence and request a ruling from the trial court regarding the issue of ambiguity; and (4) failing to incorporate a complaint as to ambiguity in his motion for new trial.

### A. Rocky Failed to Specifically Plead Ambiguity.

Rocky failed to make any argument of ambiguity in his Motion for Summary judgment or in any oral arguments to the court. (1CR87, 100, 192, 205). Significantly, he only vaguely referenced ambiguity as an alternative argument in one pleading before the trial court's Order on Motions for Summary Judgment, without providing any explanation as to what exactly he claimed was ambiguous. As set forth in detail below, Rocky has failed to properly plead ambiguity. (1CR95-96).

Rule 94 of the Texas Rules of Civil Procedure mandates that a party plead any matter constituting an affirmative defense. *See* Tex. R.Civ.P. 94. As such, the Texas Supreme Court has found that failure of a party to properly plead an affirmative defense constitutes a waiver of that defense. "Ambiguity is an

affirmative defense which must be raised at the trial court level." *Gonzales v. Norris of Houston, Inc.*, 575 S.W.2d 110, 113 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ refused n.r.e.).

The claim of ambiguity in a contract must be raised by the pleadings, and in the absence of such a pleading the court will not hear evidence as to the intention of the parties which is different from that expressed in the contract. *See Vickers v. Vickers*, 553 S.W.2d 768, 770 (Tex.Civ.App.—Beaumont 1977, no writ) ("Thus, in the case at bar, the husband not only failed to plead ambiguity in the judgment, he failed to offer any evidence in support of such contention. Point one is overruled"). "[I]f a party contends that a written agreement is ambiguous, it too must be specifically pled." *Barnhill v. Moore*, 630 S.W.2d 817, 820 (Tex.App.—Corpus Christi 1982, no writ).

The party must set out the specific words and phrases claimed to be ambiguous, or to be modified or explained by parol evidence, and also set forth the proposed modifications and explanations. *See San Antonio Machine & Supply Co. v. Allen*, 268 S.W. 532, 533 (Tex.Civ.App.—San Antonio 1925, no writ).

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a. As the Court of Appels in *Newmann v. Tropical Visions, Inc.*, expressly stated:

Appellants' fifth point of error claims the release or "express consent" is ambiguous. Appellants, however, failed to plead ambiguity in their petition and failed to raise it in their response to the defendants' motion for summary judgment. **They accordingly waived the issue**, see Tex.R.Civ.P. 166a(c), and the point is overruled.

*Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 720 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (emphasis added).

In *Bernard v. L. S. S. Corp.*, the court of appeals held that where the appellant failed to plead ambiguity and the questions presented to the trial court were solely questions of law relating to the interpretation of the contract, the issue of ambiguity was considered waived. *See Bernard v. L. S. S. Corp.*, 532 S.W.2d 409 (Tex.Civ.App. –Austin 1976, writ ref'd n.r.e.).

In the present case, Rocky only made one reference to any issue of ambiguity prior to the trial court's ruling on Harold Jr. and Rolland's Motion for Summary Judgment. (1CR95-96). Specifically, Rocky's "Supplemental Application for Probate Will" provides as follows:

The April 29, 1975 will is unambiguous and is not a contractual will and in any event the disposition call [sic] for by the April 13, 2007 will and January 13, 2010 codicil are not inconsistent with and do not breach any alleged contract that is part of the April 29, 1975 will. **In the alternative, and only in the event that the 1975 will is determined not to be an unambiguously [sic] noncontractual will and that the 2007 will and the 2010 codicil are determined to breach such will, then such 1975 will is ambiguous and parol testimony should be admitted to demonstrate that it was not intended to be contractual.**

(1CR95-96).

As seen by Rocky's Supplemental Application, in addition to it not making sense, Rocky wholly fails to satisfy the requirements of Rule 94 and Texas case law. Specifically, Rocky not only fails to specify the alleged ambiguous potion of the 1975 Will, but also fails to provide the trial court with the correct meaning or construction thereof.

Further, Rocky failed to mention or plead the issue of ambiguity in his Motion for Summary Judgment, nor did Rocky's counsel make any oral statement or present an argument or evidence supporting a claim of ambiguity at any hearing before the trial court.

### B. Rocky Conceded that there Are No Fact Issues to Be Decided by the Jury.

Rocky waived his right to claim ambiguity in the 1975 Will by conceding at a hearing before the trial court that there are no fact issues in this matter. (*See* 2CR250 (exhibit1) / App. I). "[W]aiver is the intentional relinquishment of a right actually or constructively known or intentional conduct inconsistent with claiming that right." *Ohrt v. Union Gas Corp*., 398 S.W.3d 315, 329 (Tex.App.—Corpus Christi—Edinburg 2012, pet. denied) (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 602–03 (Tex. 2008). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual or constructive knowledge of its existence; and (3) the party's actual intent to relinquish the right or intentional conduct inconsistent with the right." *Id.*

On August 20, 2014, Parties attended a pre-trial hearing in the Probate Court of Hidalgo County. During the hearing, counsel for Harold Jr. and Rolland, Edmundo O. Ramirez, stated as follows:

> MR: RAMIREZ: Edmundo Ramirez for the movants, Your Honor, We've got a pretrial, Your Honor, and we have dueling summary judgments, for lack of a better term. We've argued them, and we've briefed them, and **both parties agree that the only issue is a matter of law**, and so we urge the Court to Rule.
>
> THE COURT: I guess we got these jury trial settings before we realized there was going to be a pending motion for summary judgment.
>
> MR. RAMIREZ: Right, right, we've refined it down to summary judgments.
>
> THE COURT: I have that case on my desk, and I'm going on vacation next week, so by Friday I'll have a ruling for the parties.
>
> MR RAMIREZ:  Thank you.
>
> MR. MURRAY: Thank, Your Honor.

(2CR250 (exhibit1) / App. I). (Emphasis added).

As seen by the transcript of the August 20, 2014 hearing, Rocky's counsel made no objection to Mr. Ramirez's statement and did not dispute the fact that the parties agreed that the only issue was a matter of law. In doing so, Rocky intentionally relinquished his right to allege a claim of ambiguity and present parol evidence. (*See* 2CR250 (exhibit1) / App. I).

### C.  Rocky Failed to Present Evidence and Request a Ruling from the Trial Court on the Issue of Ambiguity.

Rocky failed to properly plead ambiguity and failed to properly present his claim to the trial court for a ruling. In accordance with Rule 33.1 of the Texas

Rules of Appellate Procedure, as a prerequisite to presenting a complaint for appellate review, the record must reflect that:

> (1) the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with **sufficient specificity** to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
>
> (2) the trial court:
>
> > (A) ruled on the request, objection, or motion, either expressly or implicitly; or
> >
> > (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

"[A] person seeking to establish ambiguity in a written contract has the burden of pleading the ambiguity by setting out that portion of the contract that it is claimed is ambiguous, and definitely pleading the meaning or construction thereof as relied on by him." *Skyline Furniture, Inc. v. Gifford*, 433 S.W.2d 950, 954 (Tex.Civ.App.—El Paso 1968, no writ).

In the present case, Rocky not only failed to state the grounds with "sufficient specificity," but also wholly failed to present the claim of ambiguity to the trial court for a ruling.

> **D.    Rocky Failed to Incorporate a Complaint as to Ambiguity in his Motion for New Trial.**

An affirmative defense that is not pleaded or proved and on which findings are not obtained is waived and cannot be preserved by raising the affirmative defense for the first time in a motion for new trial. *See Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256, 268 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

Despite the fact that Rocky failed to bring the ambiguity complaint to the trial court's attention during the hearing on the motions for summary judgment, Rocky could have preserved the ambiguity complaint by incorporating it in his motion for new trial. However, the complaint was not preserved, as Rocky failed to discuss or even mention the ambiguity complaint in his "Motion For New Trial and/or to Modify Judgment." (2CR237).

**II.    THE TRIAL COURT DID NOT ERR IN HOLDING THAT THE 1975 WILL WAS A CONTRACTUAL WILL DUE TO THE FACT THAT THE 1975 WILL WAS JOINTLY EXECUTED AND SETS FORTH A COMPREHENSIVE PLAN TO DISPOSE OF ALL THE PROPERTY OWNED BY HAROLD W. PURSLEY AND MILDRED F. PURSLEY.**

**A.    Introduction.**

In Texas, a pre-1979 will is a contractual will if it is jointly executed and sets forth a comprehensive plan to dispose of all the property owned by the parties. *See Odeneal v. Van Horn*, 678 S.W.2d 941, 942 (Tex. 1984). A comprehensive plan provides for the disposition of property on the death of one of the parties and

upon the death of both parties. The two prong test used to determine whether a comprehensive plan exists is as follows:

> (1) the gift to the survivor is not absolute and unconditional, <u>even though it may initially appear to be so</u>; and (2) the balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will.

*Reynolds v. Estate of Benefield,* 995 S.W.2d 885, 888 (Tex.App.—El Paso 1999, pet. denied).

There is no law mandating that a contractual will executed prior to 1979 must expressly recite that a contract exists. Under Section 252.004 of the Texas Estates Code, contractual wills executed after September 1, 1979 must state that a contract exists. There is no such corollary provision for contractual wills executed prior to 1979, such as the 1975 Will at issue here. *Wiemers,* 683 S.W.2d at 356 (stating that only contractual wills executed on or after September 1, 1979 must expressly recite that a contract exists) (citing Tex. Estates Code Ann. § 254.004). However, despite this fact, Rocky still argues that "no law prohibits the court from considering the fact that the 1975 Will makes no reference to any sort of contract." *See* Appellant Brief at 35. Rocky's argument is without merit. *Id.*

**B. Harold W. Pursley and Mildred F. Pursley Jointly Executed the 1975 Will.**

Harold W. Pursley and Mildred F. Pursley executed the same will, "being of sound mind, memory and **understanding in view of the certainty of death and the uncertainty of life**, and being **desirous** of **making the best disposition of <u>our</u>**

**worldly affairs, do hereby make and publish this our Last Will and Testament**," at the same time and place, and before the same witnesses. (1CR57 (exhibit A) / App. A). (Emphasis added). It is unmistakably apparent from the four corners of the document that Harold W. Pursley and Mildred F. Pursley jointly executed the 1975 Will.

### C. The 1975 Will Contained a Comprehensive Plan to Dispose of All the Property Owned by the Parties.

As stated above, the two prong test used to determine whether a comprehensive plan exists, as relied on in the *Reynolds* case, mandates that the gift to the survivor not be absolute and unconditional, and the balance remaining from the two estates be treated as a single estate and jointly disposed of in the will. *See Reynolds*, 995 S.W.2d at 887.

### C. 1. The 1975 Will Provided for a Gift to the Survivor which Was Not Absolute or Unconditional.

For the convenience of this Court, Harold Jr. and Rolland provide the following charts comparing the terms of the 1975 Will with the terms of similar wills which the Texas Supreme Court and the Texas Appellate Courts have held to provide gifts to survivors which were not absolute and unconditional and incorporate sufficient language, on their face, to evidence contractual wills.

| The Pursley 1975 Will* / The Will in *Dougherty v. Humphrey* |
|---|
| **\*It is our will and desire that the survivor of us, Harold W. Pursley or Mildred F. Pursley,** |
| *It is our will and desire that the survivor of us, J. W. Dougherty or Callie Dougherty,* |
| **\*as the case may be, shall, with the rights and authority below given, have all the** |
| *as the case may be, shall, with the rights and authority below given, have all the* |
| **\*estate of every description, real, personal or mixed, which either of us may own** |
| *estate of every description, real, personal, or mixed, which either or both of us, may own,* |
| **\*to be used, occupied, enjoyed, conveyed and expended by and during the life of** |
| *to be used, occupied, enjoyed, conveyed and expended by and during the life of* |
| **\*such survivor, as such survivor shall desire and that upon the death of such survivor** |
| *such survivor, as such survivor shall desire, and that upon the death of such survivor* |
| **\*any of such estate then <u>remaining</u> shall go to and vest in any child or children** |
| *any of such estate then <u>remaining</u> shall be divided equally among the persons following* |
| **\*of this marriage.** |
| *Mrs. Nellie May Woods, Mrs. Vera Bidwell, Mrs. Leola Williams, Miss Callie Lee Daugherty, Sam Dougherty and Basil Daugherty.* |

*Dougherty*, 424 S.W.2d at 619.

In *Dougherty,* the Texas Supreme Court found that the survivor "held the property as a life tenant with the right to dispose of the property in any way he say fit during his lifetime," with the restriction that any property remaining at his death would pass to the named-children. *Id*. Thus, the Texas Supreme Court held that the survivor was bound by the provisions of the will as to any property covered by the will which was remaining at his death. *Id*.

| *Novak v. Stevens*, 596 S.W.2d 848, 851-52 (Tex. 1980). | **It is our will and desire that the survivor of us** P. Y. Tate or Jessie Marie Moore Tate, **as the case may be, shall with the rights and authority below given, have all the estate of every description, real, personal or mixed which either or both of us may own, to be used, occupied, enjoyed and conveyed and expended** and give deeds, bill of sale or dispose of in any manner that the survivor may see fit to do **during the life of such survivor, and that upon the death of such survivor, any of the said estate then remaining shall** be given to the following person: RHONDA RAY MYRICK, the daughter of Eddie Ray Myrick, subject to the following conditions, WITHOUT BOND |
| --- | --- |

In *Novak*, the Texas Supreme Court provided the following explanation:

> We reverse the judgments of the courts below **and construe the 1968 will as a contract which should be enforced by impressing a constructive trust upon the property in the Tate estate**.

*Novak*, 596 S.W.2d at 851-52 (emphasis added).

| *In re Estate of Johnson*, 781 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1989, writ denied). | **It is our will and desire that the survivor of us,** JAMES LOURINE JOHNSON, SR., or EMMA JEAN OLDHAM JOHNSON, **as the case may be, shall, with** and subject to the exceptions hereinafter made, **have all** of the property, **real, personal** and **mixed** and of every kind and description **which either** or both **of us may own**, jointly or separately, or to which we may be entitled, at the time of the death of the first of us, to be owned in fee simple and full ownership by such survivor, however, any of such property **remaining** at the time of the death of the survivor of us to pass and be owned in accordance with the provisions hereinafter set forth in this Will. |
| --- | --- |

In *In re Estate of Johnson*, the Houston Court of Appeals found that the language of the will did not grant the survivor an absolute and unconditional gift and was sufficient on its face to establish a contractual will. *In re Estate of Johnson*, 781 S.W.2d at 392.

As referenced above, Section IV of the 1975 Will starts out by outlining the life estate: "It is our will and desire that the survivor of us, Harold W. Pursley or Mildred F. Pursley, as the case may be, shall, with the rights and authority below given, have all the estate of every description….to be used, occupied, enjoyed, conveyed and expended by and *during the life of such survivor*, as such survivor shall desire." (1CR57 (exhibit A) / App. A). (Emphasis added).

It is well recognized in Texas that "[w]here the language of the will manifests the intention of the testator to pass the right to possess, use or enjoy property during his life, a life estate is created." *Alviar v. Gonzalez*, 725 S.W.2d 297, 299 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (citing *Ellis v. Bruce*, 286 S.W.2d 645, 649 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.)). In the 1975 Will at issue, it is apparent that the survivor of Harold W. Pursley and Mildred F. Pursley was to receive and enjoy all property, "during the life of such survivor." (1CR57 (exhibit A) / App. A).

Further, a life estate is not converted into a fee simple merely because the life tenant is given the power of full disposition. In *Edds v. Mitchell*, the Texas Supreme Court explained as follows:

> **Important also is the rule established by the decisions in this state and in the great majority of the other states that the added full power of disposition given to the life tenant…does not raise the life estate to a fee.**

*Edds v. Mitchell*, 184 S.W.2d 823, 825 (Tex. 1945) (emphasis added) (citing *Weir v. Smith*, 62 Tex. 1, 9 (Tex. 1884) and *Caples v. Ward*, 345 S.W. 856, 858 (Tex. 1915)).

In *Alviar v. Gonzalez*, the Corpus Christi Court of Appeals discussed the creation of a life estate for the purposes of finding whether a contractual will exists. In *Alviar*, the property was given to the survivor "to be used, occupied, enjoyed, *conveyed and expended* by and *during the lifetime of such survivor*, as such survivor shall desire." *Alviar v. Gonzalez*, 725 S.W.2d 297, 298 (Tex.App.— Corpus Christi 1986, writ ref'd n.r.e.) (emphasis added). The court in *Alviar* held that the will left a life estate in the survivor even though the survivor had the full power of disposition. *See id.* at 299 (holding "the will conveyed a life estate to the surviving spouse, with the additional right to expend or dispose of the property."). As seen by the terms of the 1975 Will, the language in *Alviar* **is wholly consistent with the language used in the will at issue**. (1CR57 (exhibit A) / App. A).

In the *Odeneal v. Van Horn* case, Parkes Van Horn and Virginia Van Horn executed a will, with similar provisions as the 1975 Will at issue, where the survivor of the two was to receive:

> [A]ll property, real, personal and mixed, both community and separate, that we may own at the time of the death of the first of us to die so that the survivor of us shall have, own and hold all such property for and during his or her natural life with remainder in fee simple upon the death of the survivor to W. CLYDE ODENEAL.

*Odeneal*, 678 S.W.2d at 942.

In holding that the will in *Odeneal* was contractual and binding, the court found this was "language on its face which has been found to evidence an intent to contract." *Id.*

Therefore, in accordance with the opinions in *Novak, Dougherty, Edds, In re Estate of Johnson, Odeneal, Alviar and Reynolds*, the terms contained in the 1975 Will expressly show that the parties created a gift to the survivor which was not absolute or unconditional, and which was created with the intent to be bound by such disposition. Accordingly, the 1975 Will satisfies the first prong of the *Reynolds* test.

### C. 1. a.     Rebuttal of Rocky's Argument Regarding Absolute and Unconditional Gifts.

In complete disregard for the Texas Supreme Court opinions cited above, Rocky alleges that "it is **nonsensical** to construe the 1975 Will as contractual." *See* Appellant Brief at 38. (Emphasis added). Specifically, Rocky alleges that because the language in the 1975 Will gives the survivor the right of full disposition, Harold, Jr., and Rolland's "reading would be **absurd and arbitrary**," as the 1975 Will must be construed as giving fee simple to the survivor. *See* Appellant Brief at 38. (Emphasis added).

Rocky not only fails to provide any supporting authority for this position, but he also makes an argument that is in direct conflict with the Texas Supreme

Court's opinion that giving the life tenant full disposition does not raise the life estate to a fee simple. *See Edds,*184 S.W.2d at 825; *Dougherty*, 424 S.W.2d at 619.

### C. 2. The Balance Remaining at the Survivor's Death Is Jointly Disposed of in the Secondary Dispositive Provisions of the 1975 Will.

The remainder of the estate is expressly disposed of under the terms of the 1975 Will. Specifically, the 1975 Will states "that upon the death of such survivor, any of such estate then remaining shall go to and vest in any child or children of this marriage." (1CR57 (exhibit A) / App. A). The above-stated terms unconditionally show that the 1975 Will provided for a disposition, by class gift, of the remaining estate of both Harold W. Pursley and Mildred F. Pursley after the survivor of the two had passed away. (*Id.*).

"The most common class designation is 'children.'" 9 Tex. Prac., Texas Law Of Wills § 30.4 (3d ed.). The term "child or children" implies the widest sense, an offspring of either sex and of any age, designating those persons who are entitled to receive the one-half of the estate under the law of descent and distribution. *See Morris v. Williams*, 92 S.W.2d 541, 543 (Tex.Civ.App.—Dallas 1936, writ ref'd).

A devise constitutes a "class gift" when it grants property to a group of persons "bearing a certain relationship to the testator or to each other." *Wilkes v. Wilkes*, 488 S.W.2d 398, 403 (Tex. 1972). Those included in the group satisfy the

requirement "when they can be designated by the same general name as …'brothers' or 'sisters.'" *Id.*

"A 'class,' as used in the law of wills, is where several persons answering the same description sustain the same relation to the legacy so that one word describes them all; each takes an equal share in the property, and each takes originally, and not by way of substitution or derivatively, and each takes absolutely." *Hagood v. Hagood*, 186 S.W. 220, 225 (Tex.Civ.App.–Fort Worth 1916, writ ref'd).

Further, as evidenced in *Boone v. Stone*, the language "**any child or children**" has a definite legal meaning which mandates the distribution to all persons identified in that class, those being all the children. *See Boone v. Stone*, 142 S.W.2d 936, 938 (Tex.Civ.App.–Fort Worth 1940, writ dismissed, judgment correct). In *Boone v. Stone*, the will provided:

> Item 3. That said Jerome S. Stone shall hold said property and estate, however, in trust for my daughter, Helen Stone Anderson, beneficiary, and for the education, maintenance and support of **any child or children** she may have, for and during her natural life.

*Id.* (emphasis added).

The court in *Boone* stated that "[b]riefly analyzing the will, we find that uppermost in testator's mind was the intention to bestow the objects of his bounty upon his widowed daughter, her child, the minor, **and any child or children that should thereafter be born to her**, as well also any child or children that should be

born to the son." *Id.* at 940 (emphasis added). "So intent was the testator that his daughter and **her children then born or to be born should be amply provided for**, he gave power to the trustee to dispose of the corpus of the estate, if necessary, for such purposes." *Id*. (Emphasis added).

In *Guilliams v. Koonsman*, the Texas Supreme Court analyzed the following devise in the will of J.J. Koonsman, which states as follows:

> I give and devise to my son, Alvin Koonsman, all of my undivided interest in all of the remainder of my real property situated in Scurry County, Texas, which I may own at the time of my death, and to his **child or children** if any survive him, and in the event of Alvin's death without issue surviving him, then to my son and daughter, Jesse J. Koonsman and Mrs. Cora Guilliams, share and share alike, and to their heirs and assigns forever.

*Guilliams v. Koonsman,* 279 S.W.2d 579, 581 (Tex. 1955).

> [O]n the other hand, if the devise had been to Alvin Koonsman "**and to his child or children**," without other qualifying or limiting language, and at the effective date of the will there was a child or children of Alvin Koonsman in esse, the great majority of the courts of this country, following the Second Resolution of Wild's case (6 Coke 16b, 77 Eng.Rep. 277), would treat it as vesting the fee title in Alvin Koonsman **and his child or children in being at the effective date of the will as joint tenants or tenants in common.**

*Id*. (emphasis added).

> What is the meaning of the words "and to his child or children if any survive him" following the devise to Alvin? We have been cited to and have found no case squarely in point. If the words "if any survive him" had been omitted and we were to follow the weight of authority, heretofore noted, we would be compelled to hold that Alvin and his son, John Billy, took the first estate created as cotenants. But those words were not omitted, and we ascribe to them a two-fold effect: first they limited the interest of Alvin Koonsman to a life estate, **and secondly, they operated to make the remainder to be taken by the child or children of Alvin contingent rather than vested**.[1]

*Id.* at 405-6 (emphasis added).

---

[1] Unlike the 1975 Will, this will contained specific language, "if any survive him," which cause the gift to be contingent rather than vested.

As in *Guilliams v. Koonsman* and *Boone v. Stone*, the Appellate Court in *Sullivan v. Skinner* held that the legal meaning of the language "**any child or children**" mandates the distribution to all children in fee simple. *See Sullivan*, 66 S.W. 680, 681 (Tex.Civ.App. 1902, writ refused) (emphasis added). The Will in *Sullivan v. Skinner* provided as follows:

> For the term of her natural life, with full power to receive, for her sole and separate use and no other, the rents and profits of the same, and on her death the same to belong to **any child or children of the said Harriet Ida Vance** (Skinner). Should no child or children survive her, then the store and lot to pass to the next of kin, as provided by law.

*Id*. (emphasis added).

In analyzing the will in *Sullivan,* the Appellate Court stated "[f]rom this it is apparent that Harriet Ida Vance, now Skinner, took only a life estate in the property, and the **remainder went to her children in fee simple**." *Id*.

Further, Section 202.002 of the Texas Estates Code provides a good example of the use and definite legal meaning of the language "child or children." *See* Tex. Estates Code § 201.002. Specifically, Section 202.002 (b)(2) and (b)(3) state as follows:

> (2) two-thirds of the personal estate descends to the person's **child or children**, and the descendants of a **child or children**; and
>
> (3) the surviving spouse is entitled to a life estate in one-third of the person's land, with the remainder descending to the person's **child or children** and the descendants of a **child or children**.

Tex. Estates Code § 201.002 (emphasis added).

As set forth in the case law and statute cited above, the terms "**any** child **or** children" and "child **or** children" have a definite legal meaning which create a class gift that cannot be limited to any certain children of the class. Accordingly, any contention that Mildred F. Pursley had the right to distribute the property to all or just one of her children and that the 1975 Will did not jointly dispose of the remaining balance in the secondary dispositive provisions is without merit.

In *Houston,* the Amarillo Court of Appeals stated:

> The general rule is that a devise or bequest to a class, if no time for vesting is fixed will take effect at the death of the testator. **But where the will either by express words or necessary implication fixes a different time, and the whole class is not then completed, the devise or remainder <u>will vest in those then existing</u>** who will hold it subject to be opened so as to let in after-born persons who shall belong to the class at the time fixed by the will for its final completion.

*Houston*, 92 S.W.2d at 1089 (emphasis added).

In the present case, the 1975 Will states "any child or children of the marriage." (1CR57 (exhibit A) / App. A). At the time of Harold's death, Harold Jr., Rolland, and Rocky, the children of the marriage, were alive. In accordance with *Houston v. Schuhmann*, the gift vested in the three children at the time of Harold's death, subject to any after-born children. Due to the fact that the gift had vested in Harold, Rolland and Rocky on May 10, 1980, the date of their father's death, the three children could not later be divested of their vested interest.

**C. 2. a.**      **Rebuttal of Rocky's Argument Regarding the Remaining Balance Being Jointly Disposed of in the Secondary Dispositive Provisions of the 1975 Will.**

Rocky attempts to convince this Court that due to the use of the words "any" and "or," the 1975 Will did not jointly dispose of the remaining interest, after the death of the survivor, in a comprehensive plan because it "left the future interest, if any, to be determined at the survivor's discretion." *See* Appellant Brief at 36. Specifically, Rocky argues that because the language does not give the remaining estate to any particular child, the 1975 Will "did not jointly dispose of that remaining interest in a comprehensive plan." *See* Appellant Brief at 36.

Next, Rocky attempts to muddy the waters by arguing that the 1975 Will fails to "give the alleged remainder interest to any person or persons in specifically defined shares" because it does not incorporate language such as share and share alike, equally or divided equally. *See* Appellant Brief at 37.

Not only do Rocky's arguments lack supporting authority, they are in conflict with the authority cited above. Thus, these arguments are without merit. As evidenced by the numerous cases cited above, the language "**any child or children**" and "child or children" has a definite legal meaning which mandates the distribution to all persons identified in that class, e.g., all the children. *See* Argument § C. 2.

Further, contrary to Rocky's contention, a class gift is not required to "give the alleged remainder interest to any person or persons in specifically defined shares." *See* Appellant Brief at 37. Instead, the Texas Supreme Court has held that

it is presumed that a class gift is divided equally amongst the members of the class. *See Sinnott v. Gidney*, 322 S.W.2d 507, 512 (Tex. 1959). ("[I]n **case of real doubt as to the meaning of a will, the <u>law favors a construction that gives equal treatment to all heirs of the same class</u>**") (emphasis added).

"There is abundant authority to the effect that words in a will stating that the persons are to take 'equally' or 'share and share alike' or 'divided equally' are **without significance on the question of a class gift**." *Sanderson v. First National Bank in Dallas,* 446 S.W.2d 720, 725 (Tex.App. — Dallas 1969, writ ref'd n.r.e.) (emphasis added).

"It is well accepted that the transferor is presumed to have intended each member of the class to share equally in the subject matter of the gift." Restatement (Third) of Property (Wills & Don. Trans.) § 14.2 TD No. 4 (2004) at Comment a. (citing Lewis M. Simes & Allan F. Smith, Law of Future Interests § 740 (2d ed. 1967 & Current Supp.)). As stated in the Restatement (Third) of Property (Wills & Don. Trans.) (2011), which Rocky attached to his brief as Tab I of the Appendix, "[i]n the case of a single-generation class gift, the transferor's presumptive intent is that each member of the class is to share equally in the subject matter of the gift." *See* Appellant Brief Tab I of the Appendix at comment a.

Accordingly, the fact that the 1975 Will does not use language such as "share and share alike," "equally," or "divided equally" is insignificant. Further,

even if the 1975 Will did contain language to rebut this presumption, which it does not, the Texas Supreme Court has specifically held that "[i]n **case of real doubt as to the meaning of a will, <u>law favors a construction that gives equal treatment to all heirs of the same class</u>**." *Sinnott*, 322 S.W.2d at 512.

Therefore, Rocky's allegation that the 1975 Will did not jointly dispose of that remaining interest in a comprehensive plan is without merit.

## III. THE TRIAL COURT DID NOT ERR IN HOLDING THAT THE 2007 WILL AND 2010 CODICIL BREACHED THE TERMS OF THE 1975 WILL.

### A. The 1975 Will Provided a Class Gift to Rocky, Harold Jr., and Rolland in Equal Shares.

As evidenced by the authority cited in Argument Section II, it is apparent that the 1975 Will provided for a class gift, in equal shares, to all the children of the marriage which were alive at Harold W. Pursley's death. Therefore, Mildred F. Pursley's 2007 Will and 2010 Codicil, which distributes the majority of the estate to Rocky with a minor percentage to Rolland and fails to provide any disposition of the estate to Harold Jr., wholly breached Paragraph IV of the 1975 Will. (1CR57 (exhibit A) / App. A, 77 (exhibit G) / App. G, 83 (exhibit H) / App. H).

### B. The 1975 Will Became Effective Upon the Probate of the Will and Members of the Class Were Vested at the Time of Harold W. Pursley's Death.

A contractual will becomes effective immediately upon probating the will when the first spouse dies. *See Lorenz v. Janssen*, 116 S.W.3d 421, 425

(Tex.Civ.App.—Corpus Christi 2003, no pet.). Therefore, the rights of the beneficiaries under a contractual will can be declared by a court in spite of the continued life of the surviving spouse. *See id.* In *Lorenz v. Janssen*, the Corpus Christi Court of Appeals held that the rights of all beneficiaries and remaindermen who took under the contractual will vested at the time the surviving spouse probated the will following the death of the first spouse. *See id.* at 426. This created a "present interest" in the grandchildren while the surviving spouse kept possession of her life estate. *See id.* at 425-26.

Further, the court in *Houston v. Schuhmann* stated the following:

> The general rule is that a devise or bequest to a class, if no time for vesting is fixed will take effect at the death of the testator. **But where the will either by express words or necessary implication fixes a different time, and the whole class is not then completed, the devise or remainder will vest in those then existing** who will hold it subject to be opened so as to let in after-born persons who shall belong to the class at the time fixed by the will for its final completion.

*Houston*, 92 S.W.2d at 1089 (emphasis added).

In the present case, the 1975 Will states that all the estate remaining at the death of the survivor "shall go to and vest in any child or children of this marriage." (1CR57 (exhibit A) / App. A). Under the general rule, all three sons had a vested interested at the death of Harold W. Pursley. According to the court in *Houston v. Schuhmann*, the gift will vest in those existing at the time of the testator (here, Harold W. Pursley)'s death, subject to any after-born children. *See Houston,*

92 S.W.2d at 1089. Further, nothing in the 1975 Will indicates that surviving Mildred F. Pursley was a condition precedent to vesting. (1CR57 (exhibit A) / App. A). Therefore, the three sons acquired a vested interest on May 10, 1980, the date of their father's death.

Thus, although the class membership may not yet be ascertained, all three children of Harold W. Pursley and Mildred F. Pursley acquired a vested interest at Harold W. Pursley death. In accordance with *Houston v. Schuhmann*, due to the fact that the gift had vested in Harold Jr., Rolland and Rocky on May 10, 1980, the date of their father's death, the three children could not later be divested of their vested interest. *See Houston,* 92 S.W.2d at 1089. Therefore, any subsequent will or codicil revoking Harold Jr.'s and/or Rolland's vested interest in the property would in fact be in direct breach with the distribution of property under the 1975 Will.

### C. The Class Membership Under the 1975 Will Was Ascertained at the Time Fixed for Distribution.

Texas law presumes class membership is ascertained at the death of the testator if the will established no other time for ascertainment. *See id.* In cases such as the one at bar, where the will provides that distribution to the class will not occur until the expiration of a life estate, the class membership will not be ascertained until the time fixed for distribution. *See id.* This is in harmony with the analysis under *Houston v. Schuhmann*, in that here the existing class members

(Harold Jr., Rolland, and Rocky) are vested, subject to any after-born class members that may be ascertained later.

In the present case, at the death of Mildred, the class members were ascertained. Specifically, the class members ascertained were Harold Jr., Rolland, and Rocky. Therefore, any subsequent will or codicil revoking Harold Jr.'s and/or Rolland's interest in the property would in fact be in direct breach of the distribution of property set forth in the 1975 Will.

**D.      Rebuttal of Rocky's Argument that the Plain Language of the 1975 Will Demonstrates there Was No Breach.**

Rocky argues that "[t]he 1975 Will provides in Paragraph IV that upon death of the survivor, the "estate then remaining shall go to and vest in any child or children of this marriage. **That is exactly what happened**." Appellant Brief at 24. (Emphasis added). In making this argument, Rocky's primary contention is that "[t]he word 'or' is disjunctive. Thus, the 1975 Will gave the survivor of Mildred and Harold, Sr., the option of devising the property to one or more of the children of the marriage." *Id.* at 29. Rocky cites the rules of construction which he contends support his allegations.

Harold Jr. and Rolland do not dispute the rules of construction cited by Rocky. However, it is apparent that Rocky's analysis is in direct conflict with the same rules on which his argument is based. For example, the rules of construction mandate that "the court must give the words used their plain and ordinary

meaning," and that "[c]ourts are not permitted to construe the plain language of a contact to make it embrace something it was not intended to include." *Id.* Here, the authority cited in Argument Section II. clearly supports the trial court's ruling that the plain and ordinary meaning of "any child or children" implies a class gift to **all** the living children of the marriage. Argument § II. Thus, since "[c]ourts are not permitted to construe the plain language of a contact to make it embrace something it was not intended to include," and "may not rewrite the agreement of the parties to insert something that the parties could have included but did not," Rocky's contentions that "any child or children" means that Mildred F. Pursley had the right to unilaterally pick who she wanted to disperse the remainder of the estate to are without merit. Appellant Brief at 26.

Also, Rocky states that "[i]n construing a contract, the court's primary goal is to ascertain the intent of the parties." *Id. at* 25. While the word "or" is in fact disjunctive, here the language which Harold W. Pursley and Mildred F. Pursley specifically chose to incorporate into the 1975 Will, as seen by the wills referenced in Argument Section II, has a very specific and definite legal meaning. *See* Argument § II.

Rocky next contends that if Harold W. Pursley and Mildred F. Pursley had intended to give the property to all three children equally, they could have easily have said so. Appellant Brief at 29. "This is especially true since the will was

prepared by an attorney." *Id.* While Rocky attempts to show that the use of an attorney evidences the fact that Harold W. Pursley and Mildred F. Pursley could have utilized different language, Harold Jr. and Rolland believe that the use of an attorney reinforces their interpretation of the terms utilized in the 1975 Will. This is because an attorney would have knowledge of the fact that the language "any child or children" would convey a class gift in equal shares to Rocky, Harold Jr., Rolland, and any after-born child or children. Further, an attorney would know that even though the word "or" is disjunctive, in the contractual will and trust context, the legal definition of the particular phrase "any child or children" has a more specific legal meaning than what Rocky offers to this Court.

In a last-ditch effort to muddy the waters, Rocky also provides an inapplicable analogy which is as follows:

> If a contract created a fund for scholarships for any graduate or graduates of McAllen High School, the administrators of the fund would have the discretion to give a scholarship to one or more graduates.

*Id.* at 30.

As this Court can see, this argument is entirely nonsensical and wholly inapplicable. Rocky's argument again ignores the case law providing that "any child or children" has a specific legal meaning in the context of a testamentary distribution which supersedes Rocky's interpretation.

The Texas Supreme Court has held that "where the meaning of the language used in the will has been settled by usage and sanctioned by judicial decisions, it is

presumed to be used in the sense that the law has given to it, and should be so construed, unless the context of the will shows a clear intention to the contrary." *Mitchell v. Mitchell*, 244 S.W.2d 803, 806 (Tex. 1951) (quoting Corpus Juris, vol. 69, p. 80, Wills, s 1136) (internal citations omitted).

"[T]his will clearly shows that it was drawn for the testatrix by an attorney, who was familiar with the decisions of the courts, and he used the technical terms to carry out the intentions of the testatrix; and it **may be assumed that such terms used in the will were used correctly and intentionally**." *Id.* (internal citations omitted).

Further, Rocky's argument assumes that an imaginary contract for a scholarship fund can create a testamentary class gift, which it cannot. Rocky also fails to take into account that here we are dealing with a contractual will, jointly executed by a husband and wife who had only three children, not an imaginary scholarship fund for thousands of students, none of whom have a familial relationship with the signatories of the contract.

**E.** **Rebuttal of Rocky's Argument that the Rules of Construction Demonstrate there Was No Breach.**

As in his previous arguments, Rocky contends that the plain language of the contract demonstrates there was no breach. Appellant Brief at 30. Further, Rocky states:

> [V]iewing the contract as a whole and harmonizing the various provisions also supports the result that the survivor has the option to give the property to one or more of the children. This is because Mildred and Harold, Sr., could have mandated that the property go equally to all three children, as they did in Paragraph V, but they did not do so.

*Id.* at 30-31.

However, Rocky fails to recognize that the harmonizing canon may be utilized by the court "[w]hen provisions of a contract appear to **conflict**." *Methodist Hospitals of Dallas v. Amerigroup Texas, Inc.*, 231 S.W.3d 483, 491 (Tex.App.—Dallas 2007, pet. denied).

In the present case, the harmonizing canon is inapplicable as the terms of Paragraphs V and VI do not conflict with each other. (1CR57 (exhibit A) / App. A). Specifically, the provisions in Paragraph V would not cause the provisions in Paragraph VI to be of no effect, and vice versa. (*See id.*). Therefore, they are not conflicting.

Instead, in the 1975 Will, Harold W. Pursley and Mildred F. Pursley decided to incorporate two different provisions for two wholly separate and distinct situations in relation to their death. Assuming that Harold W. Pursley and Mildred F. Pursley did in fact "die in the same accident or disaster, or within the same week," the terms in Paragraph IV would not preclude the remaining estate to vest in Harold Jr., Rocky, and Rolland. (*See id.*).

While Harold W. Pursley and Mildred F. Pursley could have mandated that the property go equally to all three children, with legal counsel, it is likely that the

language "any child or children" was used to protect against the pretermission statute. Specifically, if a child of Harold W. Pursley and Mildred F. Pursley had been born after the 1975 Will was executed and was not otherwise provided for, the pretermission statute would have required that the after-born child be entitled to the same portion of the testator's estate as if the testator had died intestate. *In re Estate of Ayala*, 702 S.W.2d 708, 710-11 (Tex.App.—San Antonio 1985, no writ). Thus, by utilizing this language, Harold W. Pursley and Mildred F. Pursley ensured that any after-born child, otherwise not provided for, would not take one-third of the two-thirds life estate in the separate real and personal property of the first to die, which Harold W. Pursley and Mildred F. Pursley intended to devise to the survivor. In using the same analysis, if Harold W. Pursley and Mildred F. Pursley were to in fact die together as contemplated in Paragraph V., the pretermission statute would not affect the distribution of the life estate to the survivor, as they would both be deceased and no other child could be born of the marriage.

Rocky next argues that "[i]nserting into the contract the restriction that the property go to all three children equally would also violate the presumption that because the parties used dramatically different language in Paragraph V and the provision in question, that difference was intentional." Appellant Brief at 31. Harold, Jr. and Rolland do not agree with Rocky's conclusion. Here, Harold, Jr.

and Rolland contend that it is more likely that this language was incorporated into the 1975 Will in order to provide for any future children of the marriage. Thus, due to the fact that Harold W. Pursley and Mildred F. Pursley did not have any other children, the remaining estate is to be devised to the three children in equal shares.

Finally, Rocky contends that "the tortured construction proffered by Harold Jr., and Rolland runs afoul of the rule that a contractual will should be construed narrowly." *Id.* at 31. Again, Rocky's argument is in direct conflict with the rule being relied upon. Specifically, under the interpretation of both the trial court and Harold Jr. and Rolland, the terms of the 1975 Will are being construed narrowly in accordance with the supporting authority cited above. Therefore, construing the 1975 Will to mean that Mildred F. Pursley could pick and choose any or all children to devise the remaining estate would not only rewrite the agreement, but would also provide greater rights and authority to Mildred F. Pursley than what was provided for in the 1975 Will.

F.      **Rebuttal of Rocky's Argument that the 1975 Will Does Not Create a Class Gift.**

Rocky states, "arguing that the bequest is a class gift begs the question by assuming that all class members are to receive a gift. Instead, as pointed out above, the use of the disjunctive word 'or' clearly gives the survivor the option of whether to give the property to one or all children." *Id.*at 32.

As evidenced by the authority cited in Argument Section II., the language "**any child or children**" mandates the distribution to all persons identified in that class, e.g. all the children. *See* Arguments § II.

Rocky argues that "even in the case of a class gift, the presumption that the bequest is to be divided equally among all class members applies only if the will does not indicate a different intention." Appellant Brief at 32. According to Rocky, a different intention is unmistakably evidenced by the distinction between Paragraphs IV's use of 'any child or children' and Paragraph V which named the children 'share and share alike.'" *Id.* at 32-33. In making this allegation, Rocky purports to rely on *Sinnott v. Gidney. Id.* at 33; *See Sinnott*, 322 S.W.2d at 512. However, Rocky fails to disclose that the Texas Supreme Court in *Sinnott v. Gidney* expressly stated "[i]n **case of real doubt as to the meaning of a will, the law favors a construction that gives equal treatment to all heirs of the same class**." *Id*. (emphasis added).

Further, the issues presented in *Sinnott v. Gidney* are drastically different from those in the present case. Specifically, the Texas Supreme Court in *Sinnott v. Gidney* stated "[t]he question presented by this appeal is whether debts, funeral expenses, estate taxes and expenses of administration of the estate of Katie Keliehor, deceased, are payable out of the personal property bequeathed by Item Second of her will or the real property devised by Item Third." *Id* at 509. Further,

in analyzing the will, the Supreme Court found that "[t]he present instrument makes it **quite clear**, however, that the testatrix did not intend for her heirs to have equal treatment. She declared that **<u>nothing was being left to one brother</u>** and then gave petitioner all of the personal property plus one-fifth of whatever might pass under the residuary clause." *Id* at 512 (basing its finding on language in the Will stating "I **make no bequest to my brother**, Joseph E. Keliehor, whom I love very much") (emphasis added). Unlike the will in *Sinnott v. Gidney*, Paragraphs V and VI in the 1975 Will at issue simply provide for distinct distributions in the event of different situations. (1CR57 (exhibit A) / App. A).

Lastly, in making this argument, Rocky again fails to acknowledge the well-recognized legal principle that "the effect that words in a will stating that the persons are to take 'equally' or 'share and share alike' or 'divided equally' are without significance on the question of a class gift." *Sanderson,* 446 S.W.2d at 725 (emphasis added). Also, "it is well accepted that the transferor is presumed to have intended each member of the class to share equally in the subject matter of the gift (a per capita distribution)." Restatement (Third) of Property (Wills and Donative Transfers) §14.2 (2011).

## IV. MILDRED F. PURSLEY CAUSED THE 1975 WILL TO BE PROBATED AND ACCEPTED THE BENEFITS UNDER IT, THUS IT WOULD BE MANIFESTLY UNJUST TO ALLOW HER TO DISAVOW IT AND ITS OBLIGATIONS.

Mildred F. Pursley caused the 1975 Will to be probated and accepted a substantial amount of assets from her husband's estate. (1CR57 (exhibit A) / App. A., 61 (exhibit B) / App. B., 67 (exhibit F) / App. F). The Texas Supreme Court has specifically held that in such situations it would not be equitable to allow only one party to a contractual will to benefit from it, explaining as follows:

> It would be **manifestly unjust** to permit the surviving party to the contract to disavow it and its obligations, as those obligations are incorporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death.

*Wiemers*, 683 S.W.2d at 357 (quoting *Weidner*, 301 S.W.2d at 624).

As the Texas Supreme Court has expressly held, "[o]ne party to a mutual will may not render it unenforceable after the death of the other party by declaring a revocation" *Weidner*, 301 S.W.2d at 624.

In *Wiemers*, George Wiemers and Ida J. Wiemers executed a joint will in 1951. *Wiemers*, 683 S.W.2d at 355. When George Wiemers died in 1960, the joint will was admitted into probate. *See id.* at 356. The surviving spouse, Ida J. Wiemers, executed a new will in 1972 which attempted to revoke the 1951 joint will. *See id.* Upon her death, the 1972 will was admitted to probate. *See id.* Suit was brought to enforce the 1951 will. *See id.* The Texas Supreme Court held the 1951 joint will was contractual and thus binding on Ida J. Wiemers, explaining as follows:

> The Wiemers will… disposes of all the real property and distributes that property according to a common plan. The Wiemers will does contain reciprocal

provisions, each disposing of "my part and portion" of the 125 acres; however, the preceding paragraph expresses George and Ida's joint will and desire to distribute "the whole of our real estate." As we held in *Weidner v. Crowther,* 157 Tex. 240, 301 S.W.2d 621 (1957), "[i]t would be manifestly unjust to permit the surviving party to the contract to disavow it and its obligations, as those obligations are incorporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death."

*Id.* at 357.

Here, as seen by the Application For Probate, Harold died without revising or terminating the 1975 Will. (1CR61 (exhibit B) / App. B). After Harold had fully performed his obligations under the 1975 Will and his ability to amend it was terminated by his death, on April 13, 2007, approximately 27 years after the 1975 Will had been probated, in an attempt to disavow the 1975 Will, Mildred F. Pursley executed the 2007 Will and the 2010 Codicil. (1CR57 (exhibit A) / App. A, 61 (exhibit B) / App. B, 77 (exhibit G) / App. G, 83 (exhibit H) / App. H). Thus, under the reasoning of the Supreme Court in *Wiemers*, it would be **manifestly unjust** to permit Mildred, the surviving party, to disavow the 1975 Will.

Further, in *Vickrey v. Gilmore*, the Waco Court of Appeals held that the survivor was without power to execute a subsequent codicil to the joint will when she caused the joint will to be probated upon her husband's death and accepted the benefits from it, explaining:

> After John F. Vickrey died, Belle F. Vickrey caused the joint will to be probated and accepted the benefits under it […] it was beyond the power of Belle F. Vickrey to make and execute the codicil in question changing said 1954 joint will.

*Vickrey v. Gilmore*, 554 S.W.2d 36, 38-39 (Tex.Civ.App.—Waco 1977, no writ) (internal citations omitted).

In *Vickrey,* the trial court held, and the Court of Civil Appeals affirmed, that the 1954 joint will was contractual as a matter of law and thus Belle F. Vickrey was without power to execute the codicil in question.

Similar to the facts presented in *Vickrey*, here 1) Harold W. Pursley and Mildred F. Pursley executed a joint will in 1975; 2) when Harold W. Pursley died, Mildred caused the 1975 Will to be admitted to probate; and 3) Mildred F. Pursley accepted substantial benefits from said will. SOF § 1.

Therefore, Mildred F. Pursley was without the power to execute any new will or codicil, due to the fact that the 1975 Will was binding on her and her estate.

## V.     IN THE ALTERNATIVE, IF THIS COURT FINDS THAT ROCKY SUFFICIENTLY PLEAD AMBIGUITY AND THAT THIS CLAIM WAS NOT WAIVED, AS A MATTER OF LAW THE TERMS OF THE 1975 WILL ARE NOT AMBIGUOUS.

As evidenced in the Arguments Section I. A., "a person seeking to establish ambiguity in a written contract has the burden of pleading the ambiguity by setting out that portion of the contract that is claimed is ambiguous, and definitely pleading the meaning or construction thereof as relied on by him." *Skyline Furniture, Inc.*, 433 S.W.2d at 954. Specifically, the party must set out in specific allegations the words and phrases claimed to be ambiguous, or to be modified or explained by parol evidence, and also set forth those modifications and explanations. *See San Antonio Machine & Supply Co.*, 268 S.W. at 533.

In the present case, Rocky merely makes a vague reference to ambiguity in one of his pleadings, his "Supplemental Application for Probate Will." (1CR95-96). Rocky wholly failed to set out "in specific allegations the words and phrases claimed to be ambiguous." *Id.* However, even if this Court finds that Rocky's pleadings satisfied the requirements in the authority cited above, the terms of the 1975 Will are not ambiguous.

In discussing the issue of ambiguity the Supreme Court of Texas has affirmed the following rules:

> If a written contract is so worded that it can be given a **certain** or **definite legal meaning or interpretation**, it is **not ambiguous**.
>
> It follows that **parol evidence is not admissible to render a contract ambiguous**, **which, on its face, is capable of being given a definite certain legal meaning**.
>
> This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction.

*Lewis*, 136 Tex. at 154.

"A contract is ambiguous only when, after the application of established rules of construction, the proper meaning of the contract remains genuinely uncertain." *O'Grady v. Gerald D. Hines, Inc.*, 683 S.W.2d 763, 765 (Tex.App.—Houston [14th Dist.] 1984, no writ). "If a contract is so worded that it can be given a definite and certain legal meaning, it is not ambiguous. When a contract is susceptible to a legal meaning, construction of the written instrument is one of law

for the court." *Manes v. Dallas Baptist Coll.*, 638 S.W.2d 143, 145 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

As seen by the wills referenced in Argument Section II, the language "any child or children" has a very specific and definite legal meaning to which the trial court adhered. *See* Argument § II; (2CR208-09/App. J., 270-71/App. K).

## VI.  CONCLUSION

In conclusion, the 1975 Will made a class gift to all the children of the marriage.  The use of the words "any" and "or" certainly did not eliminate the class gift, nor did it make a disposition to only one or two children proper.  The members of the class living at the time, Rocky, Harold Jr., and Rolland received a vested interest at the death of Harold W. Pursley. Subsequently, at the death of Mildred, the class was ascertained. Therefore, Mildred's changing of the dispositive provision to anyone other than all three brothers in equal shares is a violation of the terms of the 1975 Will. Due to the fact that Mildred F. Pursley had no authority or power to revoke the 1975 Will, the 1975 Will is binding upon the Estate of Mildred F. Pursley, rendering all other subsequently executed, inconsistent wills unenforceable.

Further, Rocky failed to properly plead the issue of ambiguity, and waived his right to a jury trial. In doing so, Rocky effectively waived his right to an appeal on the issue of ambiguity. In the alternative, if this Court finds that Rocky's

pleadings satisfied the requirements cited above, the terms of the 1975 Will are not ambiguous as a matter of law. As the language "any child or children" has a definite and certain legal meaning.

As such, the trial court did not err in imposing a constructive trust in favor of the devisees of the 1975 Will, Rocky, Harold Jr., and Rolland, in equal shares, to the extent necessary to enforce the terms of the 1975 contractual Will. Therefore, this Court should affirm the trial court's ruling.

## PRAYER

For the foregoing reasons, Harold Jr. and Rolland respectfully request that this Court uphold the trial court's November 20, 2014 Final Judgment granting Harold Jr. and Rolland's Motion for Summary Judgment. Harold Jr. and Rolland also request such further relief to which they may be entitled.

Respectfully submitted,

ELLIS, KOENEKE & RAMIREZ L.L.P.
1101 Chicago Avenue
McAllen, Texas 78501
Telephone (956) 682-2440
Facsimile (956) 682-0820

By: /s/ Edmundo O. Ramirez
    EDMUNDO O. RAMIREZ
    State Bar No. 1650142
    eor@ekrattorneys.com
    THOMAS D. KOENEKE
    State Bar No. 11652500
    tdk@ekrattorneys.com
    MINERVA I. ZAMORA
    State Bar No. 24037765
    miz@ekrattorneys.com
    DANIEL KOENEKE
    State Bar No. 24083320
    daniel@ekrattorneys.com
**Attorneys for Appellees Harold Pursley, Jr., and Rolland Pursley**

## CERTIFICATE OF RULE 9.4(i) COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this Brief of Appellees, excluding those matters listed in Rule 9.4(i)(1) is 13,210 words per the word processing program used for its preparation (Microsoft Word).

/s/ Daniel Koeneke
Daniel Koeneke

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court using the electronic case filing system of the Court. I also certify that a true and correct copy of the foregoing was served on the following counsel of record on April 17, 2015 as follows:

| Recipient: | Attorney for: | Served by: |
|---|---|---|
| J. Joseph Vale<br>jvale@atlashall.com<br>Charles C. Murray<br>ccmurray@atlashall.com<br>Atlas, Hall & Rodriguez, LLP<br>818 Pecan/P.O. Box 3725<br>McAllen, Texas 78501 | Appellant, Rocky Pursley | Electronically if available, or by facsimile and e-mail |
| Marlane A. Meyer<br>Mmeyer308@aol.com<br>Meyer & Guerrero, L.L.P.<br>308 N. 15th Street<br>McAllen, Texas 78501 | Temporary Administrator, PlainsCapital Bank | Electronically if available, or by facsimile and e-mail |

/s/ Daniel Koeneke
Daniel Koeneke

APPENDICES

| Tab | Date | Document |
|---|---|---|
| A | 04/29/1975 | 1975 Will (Exhibit A) |
| B | 05/20/1980 | Application For Probate of Will and Issuance of Letters Testamentary (Exhibit B) |
| C | 06/03/1980 | Order Admitting Will to Probate and Authorizing Letters Testamentary (Exhibit C) |
| D | 06/04/1980 | Oath (Exhibit D) |
| E | 06/04/1980 | Letters Testamentary (Exhibit E) |
| F | 02/10/1981 | Inventory, Appraisement, and List of Claims (Exhibit F) |
| G | 04/13/2007 | 2007 Will (Exhibit G) |
| H | 01/13/2010 | 2010 Codicil (Exhibit H) |
| I | 08/20/2014 | Pre-Trial Hearing Transcript (Exhibit 1) |
| J | 08/22/2014 | Order on Motions for Summary Judgment |
| K | 11/20/2014 | Final Judgment |

**TAB A**

**OF THE APPENDIX**

*14054*

# Last Will and Testament FILED

OF

MAY 2 0 1980

HAROLD W. PURSLEY and MILDRED F. PURSLEY

SANTOS SALINAS, CLERK
County Court at Law Hidalgo County, Texas
By _____ Deputy

We, HAROLD W. PURSLEY and MILDRED F. PURSLEY, husband and wife, of the County of Hidalgo, State of Texas, being of sound mind, memory and understanding in view of the certainty of death and the uncertainty of life, and being desirous of making the best disposition of our worldly affairs, do hereby make and publish this our Last Will and Testament, to-wit:

I.

We do hereby revoke all wills and codicils and testamentary instruments heretofore made by us.

II.

We direct that all our just debts, including all expenses of last illness and funeral and burial, shall be paid by our Executor as soon as reasonably convenient after our death.

III.

We hereby direct that no other action shall be had in the County Court or in any other Court in relation to the settlement of or administration upon our estate other than the probating and recording of this Will and the return of an inventory, appraisement and list of claims.

IV.

It is our will and desire that the survivor of us, Harold W. Pursley or Mildred F. Pursley, as the case may be, shall, with the rights and authority below given, have all the estate of every description, real, personal or mixed, which either of us may own, to be used, occupied, enjoyed, conveyed and expended by and during the life of such survivor, as such survivor shall desire and that upon the death of such survivor, any of such estate then remaining shall go to and vest in

_Harold W. Pursley_
Harold W. Pursley

_Mildred F. Pursley_
Mildred F. Pursley

Page 1 of 4 pages



any child or children of this marriage.

V.

In the event that we shall both die in the same accident or disaster, or within the same week, then all of such estate of every description, real, personal or mixed, which either or both of us may own at the time of the first of such deaths, or if the order of such deaths is not ascertained, at the time of either of such deaths, shall without respect to which of us may survive the other, go to and vest in our beloved children, HAROLD WAYNE PURSLEY, JR., ROLLAND HUGH PURSLEY and ROCKY JOE PURSLEY, share and share alike.

VI.

It is our will and desire that the survivor of us, Harold W. Pursley or Mildred F. Pursley, whichever the case may be, shall be the Independent Executor or Executrix of this our Will and of our estate and direct that no bond shall be required of any Executor or Executrix herein appointed. In the event of both of our deaths in a mutual accident or disaster, or after the death of the survivor of us, then in such event, we hereby appoint an Officer of the First State Bank and Trust of Edinburg, Hidalgo County, Texas, in whom we repose trust and confidence, as Independent Executor of this our Will and estate and direct that no bond be required of him.

IN TESTIMONY WHEREOF, we have hereunto subscribed and signed these presence at Edinburg, Texas, in the presence of the witnesses whose names are affixed hereto and whom we have requested to sign their nmaes hereto as witness, and in the presence of said witnesses we have declared and published the foregoing as our Last Will on the _29th_ day of _APRIL_ ~~January~~, A. D. 1975.

_Harold W. Pursley_
Harold W. Pursley

_Mildred F. Pursley_
Mildred F. Pursley

Page 2 of 4 pages

The foregoing was on this date signed by Harold W. Pursley and Mildred F. Pursley, in our presence, and in the presence of each of us, and at the time of their subscribing said instrument, they declared that it was their Will and at their request and in their presence, and in the presence of each other, we have subscribed our names as witnesses thereto on the _29th_ day of ~~January~~ _April_, A. D. 1975.

_Jennie H. Gonzalez_
Witness

_Ernestina Vasquez_
Witness

THE STATE OF TEXAS §

COUNTY OF HIDALGO §

BEFORE ME, the undersigned authority, on this day personally appeared HAROLD W. PURSLEY and MILDRED F. PURSLEY, ___Jennie H. Gonzalez___ and ___Ernestina Vasquez___, known to me to be the testators and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacitites, and all of said persons being by me duly sworn, the said HAROLD W. PURSLEY and MILDRED F. PURSLEY, Testators, declared to me and to said witnesses in my presence that said instrument is their Last Will and Testament, and that they had willingly made and executed it as their free act and deed for the purposes therein expressed; and the witnesses, each on his oath stated to me, in the presence and hearing of the said testators, that said testators had declared to them that said instrument is their Last Will and Testament, and that they executed same as such and wanted each of them to sign it as a witness and upon their oath each witness stated further that they did sign the same as witnesses in the presence of said Testators and at their request, that they were at that time each nineteen years of age or over, were lawfully married and were of sound mind, and that each of said witnesses was then at least fourteen years of age.

_Harold W. Pursley_
Harold W. Pursley

_Mildred F. Pursley_
Mildred F. Pursley

_Jennie H. Gonzalez_
Witness

Page 3 of 4 pages

59

_Ernestina Vazquez_
Witness

SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by the said HAROLD W. PURSLEY and MILDRED F. PURSLEY, Testators, and SUBSCRIBED AND SWORN TO BEFORE ME by the said ___Jennie H. Gonzalez___ AND _Ernestina Vasquez_ _____, witnesses, on this the _29th_ day of ~~January~~ _APRIL_, A. D. 1975.

_Dennis F. Hendin_
Notary Public in and for Hidalgo County, Texas.

Page 4 of 4 pages

**TAB B**

**OF THE APPENDIX**

 

FILED

MAY 20 1980

SANTOS SALUMUN, CLERK
County Court at Law Hidalgo County, Texas
By _____ Deputy

NO. 14054

| | | |
|---|---|---|
| ESTATE OF | S | IN THE COUNTY COURT AT LAW |
| HAROLD W. PURSLEY | S | OF |
| DECEASED | S | HIDALGO COUNTY, TEXAS |

APPLICATION FOR PROBATE OF WILL AND

ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

Mildred F. Pursley, (Applicant") furnishes the following information to the Court for the probate of the written Will of Harold W. Pursley ("Decedent") and for issuance of Letters Testamentary:

1. Applicant is an individual interested in this Estate, domiciled in and residing at Edinburg, Hidalgo County, Texas.

2. Decedent died on May 10, 1980, in Edinburg, Hidalgo County, Texas, at the age of sixty one (61) years.

3. This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this county on the date of his death.

4. Decedent owned real and personal property described generally as home, cash, securities, automobiles, livestock, household goods, and personal effects of a probable value in excess of $200,000.00.

5. Decedent left a valid written Will ("Will") dated April 29, 1975 which was never revoked and is filed herewith.

6. The subscribing witnesses to the Will and their present addresses are Jennie H. Gonzalez, Edinburg, Texas, and Ernestina Vasquez, address unknown.

7. No child or children were born to or adopted by Decedent after the date of the Will.



EXHIBIT
B

61

8. Decedent was never divorded.

9. A necessity exists for the administration of this estate.

10. Decedent's Will named Applicant to serve without bond or other security as Independent Executrix, in which capacity, Applicant would not be disqualified by law from serving as such or from accepting Letters Testamentary, and Applicant would be entitled to such Letters.

WHEREFORE, Applicant prays that citation issue as required by law to all persons interested in this Estate; that the will be admitted to probate; that Letters Testamentary be issured to Applicant; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

_Dennis E. Hendrix_
Dennis E. Hendrix
P.O. Box 1016
Edinburg, Texas 78539
512-381-8496
ATTORNEY FOR APPLICANT

-2-

62

**TAB C**

**OF THE APPENDIX**

FILED

JUN 3 1980

SANTOS SALDANA, CLERK
County Court at Law Hidalgo County, Texas
By _____ Deputy

NO. 14,054

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| HAROLD W PURSLEY | § | OF |
| DECEASED | § | HIDALGO |

## ORDER ADMITTING WILL TO PROBATE AND
## AUTHORIZING LETTERS TESTAMENTARY

On this day came on to be heard the Application For Probate of Will and Issuance of Letters Testamentary filed by Mildred F. Pursley ("Applicant") in the Estate of Harold W. Pursley, Deceased("Decedent").

The Court, having heard the evidence and having reviewed the Will and the other documents filed herein, finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law; that Decedent is dead and that four years have not elapsed since the date of Decedent's death; that this Court has jurisdiction and venue of the Decedent's estate; that Decedent left a Will dated April 29, 1975, executed with the formalities and solemnities and under the circumstances required by law to make it a valid Will; that on such date Decedent had attained the age of 18 years and was of sound mind; that such Will was not revoked by Decedent; that no objection to or contest of the probate of such Will has been filed; that all of the necessary proof required for the probate of such will has been made; that such Will is entitled to probate; that in said Will, Decedent named Mildred F. Pursley as Independent Executrix, to serve without bond, who is duly qualified and not disqualified by law to act as such and to receive Letters Testamentary; that a necessity exists for the administration of this estate; and that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court.

It is therefore ORDERED, ADJUDGED AND DECREED that such Will is admitted to probate, and the Clerk of this Court is ORDERED to



EXHIBIT
C

record the Will, together with the Application in the Minutes of this Court.

It is further ORDERED, ADJUDGED and DECREED that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to Mildred F. Pursley who is appointed as Independent Executrix of Decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement and List of Claims as required by law.

SIGNED AND ENTERED this _3rd_ day of _June_, 1980.

_____
Judge Presiding

Dennis E. Hendrix
P.O. Box 1016
Edinburg, Texas 78539
381-8496
ATTORNEY FOR APPLICANT

-2-



**TAB D**

**OF THE APPENDIX**

FILED

JUN 4 1980

SANTOS SALDAÑA, CLERK
County Court at Law Hidalgo County, Texas
By _R. Medellin_, Deputy

NO. 14,054

| | | |
|---|---|---|
| ESTATE OF | S | IN THE COUNTY COURT AT LAW |
| HAROLD W. PURSLEY | S | OF |
| DECEASED | S | HIDALGO COUNTY, TEXAS |

## OATH

I do solemnly swear that the writing which has been offered for probate is the last Will of Harold W. Pursley, so far as I know or believe, and that I will well and truly perform all the duties of Independent Executrix of said Will and of the Estate of Harold W. Pursley, Deceased.

_Mildred F. Pursley_
Mildred F. Pursley
Independent Executrix

SWORN TO AND SUBSCRIBED BEFORE ME by MILDRED F. PURSLEY this 3rd day of June, 1980, to certify which, witness my hand and seal of office.

_Minerva O. Diaz_
MINERVA O. DIAZ
Notary Public in and for Hidalgo
County, Texas



EXHIBIT
D

65

**TAB E**

**OF THE APPENDIX**

# LETTERS TESTAMENTARY

No. 14,054

THE STATE OF TEXAS     IN COUNTY COURT___AT LAW___

County of Hidalgo     of Hidalgo County, Texas

I, *Santos Saldaña, Clerk of the County Court*___AT LAW___ *of Hidalgo County, Texas, do hereby certify that on the*___3rd___ *day of*___JUNE___, *A. D. 19*_80_, ___MILDRED F. PURSLEY___ *was duly granted by said Court Letters Testamentary of the Estate of* ___HAROLD W. PURSLEY___, *deceased, and that* _S_he_ *qualified as* ___INDEPENDENT EXECUTRIX___ *of said estate on the* _4th_ *day of* ___JUNE___ *A. D. 19*_80_ *as the law requires and that said appointment is still in full force and effect.*

*Given under my hand and seal of office at Edinburg, Texas the* ___4th___ *day of* ___JUNE___, *A. D. 19*_80_

*Santos Saldaña, Clerk,*

(Seal)     *County Court* ___AT LAW___ *Hidalgo County, Texas*

*By*_____*Deputy.*

ROSIE MEDELLIN



66

**TAB F**

**OF THE APPENDIX**

NO. 14,054

| | | |
|---|---|---|
| ESTATE OF | $ | IN THE COUNTY COURT AT LAW |
| HAROLD W. PURSLEY, SR. | $ | OF |
| DECEASED | $ | HIDALGO COUNTY, TEXAS |

**FILED**

FEB 10 1981

SANTOS SALUDING, CLERK
County Court at Law Hidalgo County, Texas
By _K. Medell_ Deputy

INVENTORY, APPRAISEMENT, AND LIST OF CLAIMS

Date of Death:     May 10, 1980

The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property situated in the State of Texas, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the posession or knowledge of the undersigned.

## INVENTORY AND APPRAISEMENT

| | |
|---|---|
| Real Property (See Schedule A) | 203,280.00 |
| Stocks and Bonds (See Schedule B) | 10,302.50 |
| Accounts Receivable & Cash (See Schedule C) | 60,210.50 |
| Insurance Payable to Estate ( Schedule D) | 11,215.50 |
| Jointly Owned Property (No Schedule E) | NONE |
| Miscellaneous Property (See Schedule F) | 246,767.00 |
| Total | 531,775.50 |

## LIST OF CLAIMS

There are no claims due or owing to the Estate other than those shown on the foregoing Inventory and Appraisement.

The foregoing Inventory, Appraisement and List of Claims should be approved and ordered entered of record.

Respectfully submitted,

DENNIS E. HENDRIX
Attorney for the Estate
P.O. Box 1016
Edinburg, Texas 78539



EXHIBIT
F

67

SCHEDULE A
ESTATE OF HAROLD W. PURSLEY
Real Estate

SEPARATE PROPERTY:                                              NONE

COMMUNITY PROPERTY:                                    Fair Market Value

House and 1 acre, Block 246, Lot 5,
   Texas Mexican Railway Company
   Survey, Hidalgo County, Texas                       91,015.00

House and 1 acre, Block 246, Lot 5,
   Texas Mexican Railway Company
   Survey, Hidalgo County, Texas                       11,814.00

Equipment Yard
Block 246, Lot 5, (5 acres)
Texas Mexican Railway Survey,                            32,500.00

Soil Pit
Block 246, Lot 5, (16.1 Acres),
   Texas Mexican Railway Survey,
   Hidalgo County, Texas                              1,611.00

Farm Land
   Block 246, Lot 5, (8.72 Acres)
   Texas Mexican Railway Survey
   Hidalgo County, Texas                             23,545.00

Farm Land
   Block 246, Lot 3, (23.45 acres)
   Texas Mexican Railway Survey
   Hidalgo County, Texas                            104,300.00

Farm Land
   Block 246, Lot 13, (8.65 Acres)
   Texas Mexican Railway Survey
   Hidalgo County, Texas                             25,950.00

Farm Land
   Block 248, Lot 11, (38.80 Acres)
   Block 248, Lot 14, (19.19 Acres)
   Texas Mexican Railway Survey
   Hidalgo County, Texas                            115,825.00

TOTAL REAL ESTATE                                       406,560.00

DECEDENT'S 1/2 INTEREST                                 203,280.00

SCHEDULE B
ESTATE OF HAROLD W. PURSLEY
STOCKS AND BONDS

SEPARATE PROPERTY:                                              NONE

COMMUNITY PROPERTY:                                    Fair Market Value

Harold W. Pursley, Sr., Inc.
1000 shares No-Par Value Common Stock
Edinburg, Texas    15.60 per share                       15,600.00

Federal Land Bank of Houston
Houston, Texas                                            4,905.00

Edinburg, co-op Gin
8% Perferred Stock at Par Value                            100.00

Total Stocks and Bonds                                   20,605.00

DECEDENT'S 1/2 INTEREST                                  10,302.50



## SCHEDULE C
## ESTATE OF HAROLD W. PURSLEY
## MORTGAGES, NOTES AND CASH

SEPARATE PROPERTY:                                NONE

COMMUNITY PROPERTY:                            Fair Market Value

First State Bank & Trust Co., Edinburg, Texas
Harold Pursley
Checking Account No. 09-1489-4                  338.00

First State Bank & Trust Co., Edinburg, Texas
Mildred O. Pursley
Checking Account No. 00-6705-9             1,337.00

First National Bank of Edinburg, Edinburg, TExas
Harold Pursley
Checking Account No. 010-450-7                6.00

Federal Land Bank Association, Edinburg, Texas     6,459.00

First State Bank & Trust Co., Edinburg, Texas
Savings Account No. 01-1219-4                72.00

Payroll Checks, Harold W. Pursley, Sr., Inc.       880.00

Note Receivable
   J.D. Reavis, Dated March 22, 1979, in the
   original amount of $120,000.00, payable
   annually $10,000.00 plus 9% interest.       111,329.00

Total Mortgages, Notes and Cash           120,421.00

DEDEDENT'S 1/2 INTEREST                    60,210.50

SCHEDULE D
ESTATE OF HAROLD W. PURSLEY
INSURANCE PAYABLE TO ESTATE

SEPARATE PROPERTY:

Great Southern Life Insurance Company
Policy No. 531552
Death Claim Benefit                    1,423.70
Dividend Accumulations                   423.70
Total Paid                                              1,423.70

COMMUNITY PROPERTY:

American National Insurance Company
Policy No. 05280083
Death Claim Benefit                    5,000.00
Dividend Accumulations                    18.00
Total Paid                             5,018.00

Gulf Life Insurance Company
Credit Life Policy No. 11810-734066    14,565.00

Total Community Insurance              19,583.00

Decedent's 1/2 Community                                9,791.50

TOTAL INSURANCE                                        11,215.50

SCHEDULE F
ESTATE OF HAROLD W. PURSLEY
OTHER MISCELLANEOUS PROPERTY

| | |
|---|---|
| SEPARATE PROPERTY: | NONE |

| COMMUNITY PROPERTY: | Fair Market Value |
|---|---|
| Household Furniture | 3,500.00 |
| Cattle, 7 Cows and 3 Calves | 3,766.00 |
| Federal Income Tax Withheld for 1980 | 2,341.00 |
| Edinburg Coop Gin, Book Credits | 357.00 |
| Southwestern Life Insurance Company Life Insurance Policy No. 6778823 Mildred O. Pursley | 820.00 |

DRILLING MACHINERY AND EQUIPMENT

| | |
|---|---|
| Model 1500 Failing Drilling Rig, Serial No. CHY738V124200 on 1978 Chevrolet Truck | 75,000.00 |
| Model 1500 Failing Drilling Rig, Serial No. 903703, on GMC Diesel Truck | 30,000.00 |
| Model 1500 Failing Drilling Rig, Serial No. 903224 | 8,000.00 |
| Model 1500 Failing Drilling Rig, Serial No. 902072, on 1955 Mack Diesel Truck | 2,000.00 |
| Model 120 G Caterpillar Motor Grader with Ripper and Power Shaft, Serial No. 87V2699 | 55,000.00 |
| Model 1150B Case Crawler Tractor with Winch, Wide Tracks, Serial No. 7302728 | 15,000.00 |
| Model 1150B Case Crawler Tractor with Winch, Serial No.7304731 | 26,000.00 |
| Model M-100 Allis Chalmers Motorgrader with Ripper, Serial No. 1510 | 8,000.00 |
| Model 12G Allis Chalmers Loader with 35 yard Bucket, Serial No. 221 | 25,000.00 |
| Model D6C Caterpillar Tractor with Tilt Blade, Winch and Power Shaft, Serial No. 10K13634 | 60,000.00 |
| Model 580C Case Backhoe, Serial No. 8953660 | 16,000.00 |
| Hueber Steel Wheel Roller | 1,000.00 |
| Fiat-Allis 11B Crawler Tractor with Power Shaft, Serial No. 25L18772 | 35,000.00 |
| Fiat-Allis 11B Crawler Tractor with Winch and Tilt Blade, Serial No.25L191.56 | 50,000.00 |

SCHEDULE F.1
ESTATE OF HAROLD W. PURSLEY
OTHER MISCELLANEOUS PROPERTY

| | |
|---|---|
| David Brown Tractor | 3,500.00 |
| 1 Diesel Engine | 4,500.00 |
| Model 471 Diesel Engine | 3,000.00 |
| Model 671 Diesel Engine | 4,000.00 |
| Air Compressor | 1,200.00 |
| Lincoln Gas Welder | 450.00 |

TRANSPORTATION EQUIPMENT

| | |
|---|---|
| 1971 Chevrolet Truck and 38" Float, Serial No. SCI631P24963 | 4,000.00 |
| 1977 Chevrolet 1-Ton 4-Wheel Drive 4-Door Crew-Cab Truck, Serial No. CKL3472189520 | 4,000.00 |
| 1978 Chevrolet 1-Ton 4-Wheel Drive Custom-Cab Pickup Truck, Serial No. CKL348B112644 | 4,200.00 |
| 1974 Dodge Pickup Truck | 225.00 |
| 1976 Dodge Pickup Truck | 225.00 |
| 1976 Dodge Pickup Truck - 4 Wheel Drive | 3,000.00 |
| 1976 Dodge D-200 Pickup Truck | 1,000.00 |
| 1977 Dodge 3/4 Ton Pickup Truck | 3,000.00 |
| 1977 Dodge Club-cab Pickup Truck | 800.00 |
| 1973 Fork Pickup Truck | 500.00 |
| 1978 Fork F-250 3/4 Ton 4-Wheel Drive Supercab Pickup Truck, Serial No. X265KBCK598 | 4,200.00 |
| 1977 Fork F-250 3/4 Ton $-Wheel Drive Custom Cab, Pickup Truck, Serial No. F26HNY47069 | 2,000.00 |
| 1969 GMC Diesel 5-Ton Truck Tractor | 3,500.00 |
| 1971 GMC Diesel Truck | 2,000.00 |
| 1965 International Truck and Lowboy Trailer, Serial No. T53742 | 6,500.00 |
| 1974 International Truck Tractor, Serial No. 10682 CHA53132 and Aluminum 18 Yard Dump Trailer, Serial No. ALF223030 | 6,500.00 |

74

SCHEDULE F.2
ESTATE OF HAROLD W. PURSLEY
OTHER MISCELLANEOUS PROPERTY

| | |
|---|---:|
| 1975 Plymouth Fury 4-Door, Serial No. PH43KSK182806 | 1,300.00 |
| 1976 Oldsmobile 98 Regency 4-Door, Serial No.3X39TGM107321 | 1,800.00 |
| 1 Fiberglass Camper | 1,000.00 |
| 1 Amerigo Camper on DEMCO Trailer | 1,000.00 |
| 1974 General Flatbed Trailer, Serial No. 35GLB74285 | 1,250.00 |
| 1 Gooseneck 30' Metal Cattle Trailer | 2,500.00 |
| 1 DEMCO 20' Trailer, Serial NO. 244 | 1,000.00 |
| 1 DEMCO 28' Trailer, 3-Axle, Serial No. 3255 | 1,000.00 |
| 1 DEMCO 20' Trailer, 2-Axle, Serial No. 5038 | 1,000.00 |
| 1 DEMCO 16' Trailer, 1-Axle, Serial No. 4152 | 1,000.00 |
| 1 DEMCO 20' Trailer, 2-Axle, Serial No. 4158 | 1,000.00 |
| OFFICE EQUIPMENT | 600.00 |
| Total Miscellaneous Property | 493,534.00 |
| DECEDENT'S 1/2 INTEREST | 246,767.00 |

THE STATE OF TEXAS     § § §     KNOW ALL MEN BY THESE PRESENTS THAT:

COUNTY OF HIDALGO

I, MILDRED F. PURSLEY, having been duly sworn, hereby state on oath that the foregoing Inventory and List of Claims is a true and complete statement of all the property and claims of the Estate that have come to my knowledge.

_____
MILDRED F. PURSLEY, INDEPENDENT EXECUTRIX

SWORN TO AND SUBSCRIBED BEFORE ME by the said MILDRED F. PURSLEY, on this the 10th day of February, 1981, to certify which witness my hand and seal of office.

MINERVA O. DIAZ

_____
Notary Public in and for Hidalgo
County, Texas

## ORDER

The foregoing Inventory, Appraisement and List of Claims of the above Estate having been filed and presented and the Court having considered and examined the same and being satisfied that it should be approved and there havings been no objections made thereto, it is in all respects APPROVED and ORDERED entered of record.

SIGNED AND ENTERED on the 11th day of February 1981.

_____
JUDGE PRESIDING

**FILED**

FEB 11 1981

SANTOS SALDANA, CLERK
County Court at Law Hidalgo County, Texas
By _____, Deputy

**TAB G**

**OF THE APPENDIX**

# Last Will and Testament
## Of
### Mildred F. Pursley

P·34,801

FEB 08 2012

ARTURO GUAJARDO, JR. COUNTY CLERK
PROBATE COURT HIDALGO CO. TEXAS

DEPUTY

I, Mildred F. Pursley, of the County of Hidalgo and the State of Texas, being in good health of sound and disposing mind and memory, do make and declare this instrument to be my Last Will and Testament, hereby expressly revoking all former Wills and Codicils made by me at any time heretofore, and intending hereby to dispose of all the property of whatever kind and wherever situated which I own, or in which I have any kind of interest at the time of my death.

## I.
## IDENTITY OF THE FAMILY

At the time of the execution of this Will, I am not married and I have three children, namely, Harold Wayne Pursley, Jr., Rocky Joe Pursley and Rolland Hugh Pursley.

## II.
## PAYMENT OF EXPENSES

I direct that all the expenses of my last illness, my funeral expenses, and my just personal debts, including any inheritance taxes, transfer taxes, and estate taxes which may be levied by the United States Government or by any state by reason of my death, shall be paid by my Independent Executor out of the residue of my estate as soon as conveniently may be done; provided that my Independent Executor, in such Executor's sole discretion, may distribute from time to time any real or personal property in my estate which at my death is subject to a lien securing an indebtedness upon it without discharging said indebtedness, if in my Independent Executor's judgment, the condition of my estate so requires. The distributee shall then be considered as having received my estate's equity in the property.

## III.
## DISPOSITION OF ESTATE

A.      I give, devise and bequeath to my son, Rocky Joe Pursley the following property if he shall survive me; however if he does not survive me, the whole thereof to Rolland Hugh Pursley:

1.      27.0 acres gross (23.45net acres) out of Lot 3, Section 246, Tex-Mex Subdivision, Hidalgo County, Texas.
2.      8.65 acres net out of Lot 13-E 10/W 13.55, Section 243, Tex-Mex Subdivision, Hidalgo County, Texas.
3.      One-half (1/2) of my oil, gas and mineral rights to all of Lot 11, Block 248, Tex-Mex Subdivision, Hidalgo County, Texas. 40 gross acres (38.80 net acres)

_M.P._

EOR

C/ HR

2/7/12

11.351

**EXHIBIT**

**G**

77

4.      One-half (1/2) of my oil, gas and mineral rights to E ½ of Lot 14, Block 248, Tex-Mex Subdivision, Hidalgo County, Texas. 20 gross acres (19.19 net acres)

5.      One half (1/2) of my oil, gas and mineral rights in Frio County, Texas described as J. Poitevent Survey No. 1, Abstract No. 552.

6.      One half (1/2) of my stock in Ebony Hills Golf Course, Hidalgo County, Texas.

7.      Two (2) cemetery lots in Charlotte, Atascosa County, Texas.

B.      I give, devise and bequeath to my son, Rolland Hugh Pursley the following property if he shall survive me; however if he does not survive me, the whole thereof to Rocky Joe Pursley:

1.      31.82 gross acres (30.82 net acres) out of Lot 5, Block 246, Texas-Mex Survey, Hidalgo County, Texas, (Save and except one (1) acre which is the homestead property).

2.      One (1) acre out of Lot 5, Block 246, Tex-Mex Survey, Hidalgo County, Texas. (Homestead property).

3.      One half (1/2) of my oil, gas and mineral rights to all of Lot 11, Block 248, Tex-Mex Survey, Hidalgo County, Texas consisting of 40 gross acres (38.80 net acres).

4.      One half (1/2) of my oil, gas and mineral rights to all of E ½ of Lot 14, Block 248, Tex-Mex Survey, Hidalgo County, Texas consisting of 20 gross acres (19.19 net acres).

5.      One half (1/2) of my oil, gas and mineral rights in Frio County, Texas described as J. Poitevent Survey No. 1, Abstract No. 552.

6.      One half (1/2) of my stock in Ebony Hills Golf Course, Hidalgo County, Texas.

7.      Two (2) cemetery lots in Charlotte, Atascosa County, Texas.

C.      I give, devise and bequeath all of the rest of my estate to my children, Rocky Joe Pursley and Rolland Hugh Pursley, in equal shares.

D.      I have deliberately made no provision for my son, Harold Wayne Pursley, Jr. because I feel that he has ample property of his own.

## IV.
## DEFINITION OF SURVIVAL

Any legatee, devisee, donee, person or beneficiary with respect to all or any part of my estate who shall not survive until ninety (90) days after the date of my death, or until this Will is probated, whichever occurs earlier, shall be deemed to have predeceased me, and shall be treated for all purposes herein as though such person had predeceased me.

## V.
## APPOINTMENT OF EXECUTOR

A.      I hereby nominate, constitute and appoint my son, Rocky Joe Pursley, as Independent Executor of my estate. In the event that my son, Rocky Joe Pursley, shall predecease me or fail or refuse to qualify, or die, resign, or become unable to serve during the administration of my estate, I hereby nominate, constitute and appoint my son, Rolland Hugh Pursley, as Independent Executor,

2

*M.P.*

and all the powers, duties and responsibilities granted and imposed upon Rocky Joe Pursley shall devolve upon and be exercised by Rolland Hugh Pursley.

B.     If any individual Independent Executor or Executrix becomes unable to discharge his or her duties under this Will because of accident, physical or mental illness or deterioration, or other cause and does not resign, then upon certification in a form sufficient for the recording of a deed in the State of Texas by two medical doctors (neither of whom is a beneficiary under this Will) affirming that each has examined the Independent Executor or Executrix and that each has concluded, based on such examination, that the Independent Executor or Executrix is unable to discharge his or her duties under this Will, the Independent Executor or Executrix shall cease to serve, as if he or she had resigned, effective the date of the certification.

C.     It is my will and desire and I hereby direct that in the administration of my estate, my Independent Executor or any successor shall not be required to furnish any bond of any kind and that no action shall be had in any court in the administration of my estate other than the probating of this, my Last Will and Testament, and the filing of any Inventory, Appraisement and List of Claims of my estate that may be required.

## VI.
## POWERS OF EXECUTOR

The estate created or arising by virtue of my death and this instrument, my Last Will and Testament, shall be governed by and administered in accordance with the following provisions:

A.     I hereby grant unto my Independent Executor or any successor named above, full power and authority over any and all of my estate and they are hereby authorized to sell, manage, and dispose of the same or any part thereof, and in connection with any such sale or transaction, make, execute and deliver proper deeds, assignments and other written instruments and to do any and all things proper or necessary in the orderly handling and management of my estate.

B.     My Independent Executor or any successor named above, shall have full power and authority to compromise, settle and adjust any and all debts, claims and taxes which may be due from or owing by my estate.

C.     My Independent Executor or any successor named above, shall have full power and authority to deal with any person, firm, or corporation.

D.     My Independent Executor or any successor named above, shall have full power to borrow money at any time and in any amount from time to time for the benefit of my estate, from any person, firm, or corporation or from any bank or trust company and to secure the loan or loans by pledge, deed of trust, mortgage or other encumbrances on the assets of the estate and from time to time to renew such loans and give additional security.

3



E.     As compensation for his services hereunder, my Independent Executor or any successor named above shall be entitled to charge the same fees customarily charged for similar services in other estates at the time the services are rendered.

## VII.
## SPENDTHRIFT PROVISION

No interest of any beneficiary in the corpus or income of my estate shall be subject to assignment, alienation, pledge, attachment, or claims of creditors of such beneficiary and may not otherwise be alienated or encumbered by such beneficiary, except as may be otherwise expressly provided herein.

## VIII.
## IN TERROREM CLAUSE

If any beneficiary under this Will shall in any manner contest or attack this Will or any of its provisions, any share or interest in my estate given to such contesting beneficiary under this Will is hereby revoked and shall be disposed of as part of the residue of my estate.

## IX.
## DEFINITIONS AND INTERPRETATIONS

For purposes of interpretation of this, my Last Will and Testament, and the administration of the estate established herein, the following provisions shall apply:

A.     The words "child, children, descendants, issue," and similar terms shall be deemed only to include children born to, or adopted (on or before eighteen years of age) by me or my descendants.

B.     When a distribution is directed to be made to any person's descendants "per stirpes," the division into stirpes shall begin at the generation nearest to such person that has a living member.

C.     The use of the masculine, feminine or neuter genders shall be interpreted to include the other genders, and the use of either the singular or the plural number shall be interpreted to include the other number, unless such an interpretation in a particular case is inconsistent with the general tenor of this instrument. Any references herein relating to my Independent Executor shall include his successors regardless of the gender of the successors.

D.     This Will shall be probated in accordance with the laws of Texas, and should any provisions of the same be held unenforceable or invalid for any reason, the unenforceability or invalidity of said provision shall not affect the enforceability or validity of any other part of this Will.

4

IN WITNESS WHEREOF, I, Mildred F. Pursley, hereby sign my name to this, my last Will, on each page of which I have placed my initials, on this _/3_ day of _April_ , 2007, at Edinburg, Texas.

_Mildred F. Pursley_
Mildred F. Pursley, Testatrix

## ATTESTATION

The foregoing instrument was signed in our presence by Mildred F. Pursley and declared by her to be her last Will. We, at the request and in the presence of Mildred F. Pursley and in the presence of each other, have subscribed our names below as witnesses on this _/3_ day of _____ _April_, 2007.

_Phyllis Hendrix_
Witness
_132 W. Xanthiana) #164_
Street Address
_McAllen, TX 78504_
City and State

_Rebecca Gonzalez_
Witness
_7305 San Joaquin St_
Street Address
_Pharr, TX 78577_
City and State

## SELF-PROVING AFFIDAVIT

| STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, on this day personally appeared Mildred F. Pursley, ___Phyllis Hendrix___ and ___Rebecca Gonzalez___ , known to me to be the Testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said Mildred F. Pursley, Testatrix, declared to me and to the said witnesses in my presence that said instrument is her Last Will and Testament and that she had willingly made and

5

_M.P._

executed it as her free act and deed; and the said witnesses, each on their oath stated to me, in the presence and hearing of the said Testatrix, that the said Testatrix had declared to them that said instrument is her Last Will and Testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request; that said Testatrix was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_____
Mildred F. Pursley, Testatrix

_____
Witness

_____
Witness

 SUBSCRIBED AND SWORN TO BEFORE ME by the said Mildred F. Pursley, Testatrix, and by the said ____Phyllis Hendrix____ and ____Rebecca Gonzalez____, Witnesses, this __13th__ day of ____April____, 2007.

ELIZABETH G. RIOS
Notary Public, State of Texas
My Commission Expires
10-19-2007

_____
Notary Public, State of Texas

PREPARED IN THE OFFICE OF:
Law Office of Dennis E. Hendrix
200 N. 12th Street, Ste. 202
Edinburg, TX 78541

6

_____
M.P.

**TAB H**

**OF THE APPENDIX**

# FIRST CODICIL
### OF THE
# Last Will and Testament  P-34,801
### OF

## MILDRED F. PURSLEY

FEB 02 2012

I, Mildred F. Pursley, being of sound mind and disposing memory, do hereby make, declare

and publish this instrument as and to be the FIRST CODICIL to my Last Will and Testament

executed by me on April 13, 2007 in the presence of Phyllis Hendrix and Rebecca Gonzalez.

I revoke and annul the following portion of said Will: Section III.A., and hereby substitute in

lieu thereof the following:

      A.     I give, devise and bequeath to my son, Rocky Joe Pursley the following property if he shall survive me; however if he does not survive me, the whole thereof to Rolland Hugh Pursley:

      1.     27.0 acres gross (23.45net acres) out of Lot 3, Section 246, Tex-Mex Subdivision, Hidalgo County, Texas.

      2.     8.65 acres net out of Lot 13-E 10/W 13.55, Section 243, Tex-Mex Subdivision, Hidalgo County, Texas.

      3.     One-half (1/2) of my oil, gas and mineral rights to all of Lot 11, Block 248, Tex-Mex Subdivision, Hidalgo County, Texas. 40 gross acres (38.80 net acres)

      4.     One-half (1/2) of my oil, gas and mineral rights to E ½ of Lot 14, Block 248, Tex-Mex Subdivision, Hidalgo County, Texas. 20 gross acres (19.19 net acres)

      5.     One half (1/2) of my oil, gas and mineral rights in Frio County, Texas described as J. Poitevent Survey No. 1, Abstract No. 552.

      6.     One half (1/2) of my stock in Ebony Hills Golf Course, Hidalgo County, Texas.

      7.     Two (2) cemetery lots in Charlotte, Atascosa County, Texas.

      8.     31.82 gross acres (30.82 net acres) out of Lot 5, Block 246, Texas-Mex Survey, Hidalgo County, Texas, (Save and except one (1) acre which is the homestead property).

      9.     One (1) acre out of Lot 5, Block 246, Tex-Mex Survey, Hidalgo County, Texas. (Homestead property).

EXHIBIT
H
tabbies

83

I revoke and annul the following portion of said Will: Section III.B., and hereby substitute in lieu thereof the following:

B.    I give, devise and bequeath to my son, Rolland Hugh Pursley the following property if he shall survive me; however if he does not survive me, the whole thereof to Rocky Joe Pursley:

1.    One half (1/2) of my oil, gas and mineral rights to all of Lot 11, Block 248, Tex-Mex Survey, Hidalgo County, Texas consisting of 40 gross acres (38.80 net acres).
2.    One half (1/2) of my oil, gas and mineral rights to all of E ½ of Lot 14, Block 248, Tex-Mex Survey, Hidalgo County, Texas consisting of 20 gross acres (19.19 net acres).
3.    One half (1/2) of my oil, gas and mineral rights in Frio County, Texas described as J. Poitevent Survey No. 1, Abstract No. 552.
4.    One half (1/2) of my stock in Ebony Hills Golf Course, Hidalgo County, Texas.
5.    Two (2) cemetery lots in Charlotte, Atascosa County, Texas.

In all other respects I ratify and confirm all of the provisions of my said will dated April 13, 2007.

IN WITNESS WHEREOF, I, Mildred F. Pursley, hereby sign my name to this, my FIRST CODICIL of my last Will, on each page I have placed my initials, on this _13_ day of _Jan._ , 2010, at Edinburg, Texas.

_Mildred F. Pursley_

Mildred F. Pursley

Testatrix

84

## ATTESTATION

The foregoing instrument was signed in our presence by Mildred F. Pursley and declared by her to be her FIRST CODICIL to her last Will. We, at the request and in the presence of Mildred F. Pursley and in the presence of each other, have subscribed our names below as witnesses on this ___ _____13th_____ day of _____January_____, 2010.

_Chyelen Hendrix_
WITNESS
_132 W Xanthisma #164_
STREET ADDRESS
_Mc Allen, Texas 78504_
CITY AND STATE

_Mary Catherine Hendrix_
WITNESS
_200 North 12th Street_
STREET ADDRESS
_Edinburg, TX 78541_
CITY AND STATE

_M.P._

# SELF-PROVING AFFIDAVIT

| | | |
|---|---|---|
| **STATE OF TEXAS** | | § |
| | | § |
| **COUNTY OF HIDALGO** | | § |

BEFORE ME, the undersigned authority, on this day personally appeared Mildred F. Pursley, ___Phyllis Hendrix___ and ___Mary Catherine Hendrix___, known to me to be the Testatrix and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said Mildred F. Pursley, Testatrix, declared to me and to the said witnesses in my presence that said instrument is her FIRST CODICIL to her Last Will and Testament and that she had willingly made and executed it as her free act and deed; and the said witnesses, each on her oath stated to me, in the presence and hearing of the said Testatrix, that the said Testatrix had declared to them that said instrument is her FIRST CODICIL to her Last Will and Testament, and that she executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said Testatrix and at her request; that said Testatrix was at that time eighteen years of age or over (or being under such age, was or had been lawfully married, or was then a member of the armed forces of the United States or of an auxiliary thereof or of the Maritime Service) and was of sound mind; and that each of said witnesses was then at least fourteen years of age.

_____
Mildred F. Pursley, Testatrix

_____
Witness

_____
Witness

SUBSCRIBED AND SWORN TO BEFORE ME by the said Mildred F. Pursley, Testatrix, and by the said ___Phyllis Hendrix___ and ___Mary Catherine Hendrix___, Witnesses, this ___13th___ day of ___January___, 2010.

_____
Notary Public, State of Texas

**TAB I**

**OF THE APPENDIX**

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NO. P-34,801

- - - - - - - - - - - - - x
                          :
IN THE ESTATE OF          :    IN THE PROBATE COURT
                          :
MILDRED OZELLA FAVOR      :
PURSLEY, AKA              :    OF
MILDRED F. PURSLEY,       :
                          :
DECEASED                  :    HIDALGO COUNTY, TEXAS
                          :
- - - - - - - - - - - - - x

PRE-TRIAL HEARING

On the 20th day of August, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Homero Garza, Judge Presiding, held in Edinburg, Hidalgo County, Texas.

Proceedings reported by computerized stenotype machine.

ROLAND P. QUINTANILLA, CSR



Accepted by: Alejandra Zapata

Electronically Filed
10/30/2014 2:20:29 PM
Hidalgo County Clerks Office

VOLUME 1

CHRONOLOGICAL INDEX

| AUGUST 20, 2014 | PAGE | VOL |
|---|---|---|
| Appearances................................2 | | 1 |
| Announcements.............................3 | | 1 |
| Court's ruling............................3 | | 1 |
| End of proceedings........................4 | | 1 |
| Reporter's Certificate....................5 | | 1 |

ROLAND P. QUINTANILLA, CSR

251

Accepted by: Alejandra Zapata

Electronically Filed
10/30/2014 2:20:29 PM
Hidalgo County Clerks Office

A P P E A R A N C E S

**APPEARING FOR THE MOVANTS:**

    HON. EDMUNDO O. RAMIREZ
    State Bar No. 16501420
    Ellis, Koeneke & Ramirez, LLP
    1101 Chicago
    McAllen, Texas   78501
    Phone No. 956-682-2440
    Fax No. 956-682-0820
    eor@ekrattorneys.com

**APPEARING FOR THE RESPONDENT:**

    HON. CHARLES C. MURRAY
    State Bar No. 14719700
    Atlas, Hall & Rodriguez, LLP
    818 Pecan Boulevard
    McAllen, Texas   78501
    Phone No. 956-682-5501
    Fax No.  956-686-6109

ROLAND P. QUINTANILLA, CSR

3

THE COURT: The next case is P-34,801, this is in the estate of Mildred Ozella Favor -- I hope I didn't mispronounce that. Pretrial hearing. Ozella Favor Pursley, also known as Mildred F. Pursley.

MR. MURRAY: 34,801, Your Honor?

THE COURT: Yeah, Pursley is what clicked.

MR. MURRAY: Yes. Charles Murray for Rocky Pursley, Your Honor.

THE COURT: All right. It's for pretrial?

MR. RAMIREZ: Edmundo Ramirez for the movants, Your Honor. We've got a pretrial, Your Honor, and we have dueling summary judgments, for lack of a better term. We've argued them, and we've briefed them, and both parties agree that the only issue is a matter of law, and so we urge the Court to rule.

THE COURT: I guess we got these jury trial settings before we realized there was going to be a pending motion for summary judgment.

MR. RAMIREZ: Right, right, we've refined it down to summary judgments.

THE COURT: I have that case on my

ROLAND P. QUINTANILLA, CSR

253

Accepted by: Alejandra Zapata

desk, and I'm going on vacation next week, so by Friday I'll have a ruling for the parties.

MR. RAMIREZ: Thank you.

MR. MURRAY: Thank, Your Honor.

MR. RAMIREZ: We've submitted electronic orders.

MR. MURRAY: And so have we.

MR. RAMIREZ: And if you want to, I'll send a paper one.

THE COURT: No, that's fine.

MR. RAMIREZ: Thank you, Your Honor.

MR. MURRAY: Thank you, Your Honor.

THE COURT: I'll dispose of it before I leave.

MR. MURRAY: Thank you.

MR. RAMIREZ: Thank you.

THE COURT: You all have a good day.

(End of proceedings.)

ROLAND P. QUINTANILLA, CSR

Electronically Filed
10/30/2014 2:20:29 PM
Hidalgo County Clerks Office

5

STATE OF TEXAS:
COUNTY OF HIDALGO:

CERTIFICATE OF COURT REPORTER

I, ROLAND P. QUINTANILLA, Official Court Reporter in and for the Probate Court of Hidalgo County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by Edmundo O. Ramirez, counsel for Movants to be included in this volume of the Reporter's Record, in the above-entitled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $75.00, and was paid by counsel for Movants, Edmundo O. Ramirez.

WITNESS MY OFFICIAL HAND on this the 22nd day of October, 2014.

_____
ROLAND P. QUINTANILLA, CSR
Official Court Reporter
Hidalgo County Probate Court
100 N. Closner, 3rd Floor
Edinburg, TX 78539/956-318-2385
CSR No. 900, Expires 12/31/14

ROLAND P. QUINTANILLA, CSR

255

**TAB J**

**OF THE APPENDIX**

Cause No. P-34,801

| | |
|---|---|
| IN THE ESTATE OF | IN THE PROBATE COURT |
| MILDRED OZELLA FAVOR PURSLEY AKA MILDRED F. PURSLEY | OF |
| DECEASED, | HIDALGO COUNTY, TEXAS |

FILED
AUG 22 2014
ARTURO GUAJARDO, JR., COUNTY CLERK
PROBATE COURT HIDALGO CO. TEXAS
DEPUTY

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

BE IT REMEMBERED that on the 22nd day of August, 2014, the Court considered the Motion for Summary Judgment filed by Harold Wayne Pursley, Jr. and Rolland Hugh Pursley and the Motion for Summary Judgment filed by Rocky Joe Pursley.

The Court, having examined the pleadings on file and the summary judgment evidence, finds:

1. The will executed by Harold W. Pursley and Mildred F. Pursley on April 29, 1975 is a contractual will. The language in paragraph IV. "any child or children of this marriage" provided for the remainder of the estate to be conveyed as a class gift and therefore, mandates the distribution to all persons identified in that class, those being all the children.

2. The court concludes (reading the 1975 will as a whole instrument) that it was the intent of Harold W. Pursley when he executed the 1975 will with his wife, that at his passing (if he died first) and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children, Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike.

3. The proferred will executed by Mildred F. Pursley dated April 13, 2007 is a breach of the 1975 contractual will. The

208

proferred First Codicil executed by Mildred F. Pursley dated January 13, 2010 is a breach of the 1975 contractual will.

4. Harold Wayne Pursley, Jr. and Rolland Hugh Pursley are entitled to summary judgment;

5. Rocky Joe Pursley is not entitled to summary judgment;

It is therefore,

ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment filed by Harold Wayne Pursley, Jr. and Rolland Hugh Pursley, is hereby granted.

ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment filed by Rocky Joe Pursley, is hereby denied.

ORDERED, ADJUDGED and DECREED that the 2007 Will and the 2010 Codicil proferred by Rocky Joe Pursley not be admitted to probate.

SIGNED on this the _22nd_ day of _August_, 20_15_.

_____
JUDGE PRESIDING

xc. Edmundo O. Ramirez
Attorney at Law
1101 Chicago
McAllen, Texas 78501

Charles Murray
Attorney at Law
818 W. Pecan Blvd.
McAllen, Texas 78502

**TAB K**

**OF THE APPENDIX**

Electronically Filed
11/19/2014 9:33:37 AM
Hidalgo County Clerks Office

CAUSE NO. P-34,801-A

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MILDRED OZELLA FAVOR | § | |
| PURSLEY | § | OF |
| AKA MILDRED F. PURSLEY | § | |
| | § | |
| DECEASED | § | HIDALGO COUNTY, TEXAS |

## FINAL JUDGMENT

The Court hereby enters this Final Judgment in accordance with the Order executed on August 22, 2014, in which the Court granted the Motion for Summary Judgment filed by Harold Wayne Pursley, Jr. and Rolland Hugh Pursley and denied the Motions for Summary Judgment filed by Rocky Joe Pursley.

IT IS ORDERED, ADJUDGED and DECREED that the will executed by Harold W. Pursley and Mildred F. Pursley on April 29, 1975 is a contractual will. The language in paragraph IV. "any child or children of this marriage" provided for the remainder of the estate to be conveyed as a class gift and therefore, mandates the distribution to all persons identified in that class, those being all the children.

IT IS ORDERED, ADJUDGED and DECREED that the court concludes (reading the 1975 will as a whole instrument) that it was the intent of Harold W. Pursley when he executed the 1975 will with his wife, that at his passing (if he died first) and at the subsequent passing of his wife, any estate left over was to go and vest in his beloved children, Harold Wayne Pursley, Jr., Rolland Hugh Pursley and Rocky Joe Pursley, share and share alike.

270

IT IS ORDERED, ADJUDGED and DECREED that the proferred will executed by Mildred F. Pursley dated April 13, 2007 is a breach of the 1975 contractual will. Further, the proferred First Codicil exececuted by Mildred F. Pursley dated January 13, 2010 is a breach of the 1975 contractual will.

IT IS ORDERED, ADJUDGED and DECREED that a constructive trust be imposed on the Estate in favor of the devisees of the 1975 Will to the extent necessary to enforce the terms of the 1975 contractual Will.

Signed on this the ___ 20TH day of _____ NOVEMBER, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

ELLIS, KOENEKE, & RAMIREZ, L.L.P.

By: _____
EDMUNDO O. RAMIREZ
State Bar No. 16501420

ATLAS, HALL & RODRIGUEZ, LLP

By: _____
CHARLES C. MURRAY
State Bar No. 14719700

cc:  Edmundo O. Ramirez; Ellis, Koeneke, & Ramirez, L.L.P; 1101 Chicago, McAllen, Texas 78501
Fax No.: 956-682-0820; E-Mail: eor@ekrattorneys.com
Charles Murray, Atlas, Hall & Rodriguez, LLP, 818 W. Pecan Blvd., McAllen, Texas 78502
Fax No.: 956-686-6109; E-mail: ccmurray@atlashall.com

271